HANRAHAN *v*. STATE OF INDIANA.
[No. 1067S118. Filed October 30, 1968.]

*Samuel J. Kagan,* of Martinsville, for appellant.

*John J. Dillon,* Attorney General, and *Murray West,* Deputy Attorney General, for appellee.

HUNTER, J.—Appellant was charged in separate affidavits with the commission of two crimes: issuing a fraudulent check and forgery. On motion by the State and with no objection by appellant, the two causes were consolidated for purposes of the trial and this appeal. The only errors assigned by appellant are the overruling of his motions for a new trial. The motions for a new trial, filed for each cause but worded identically, were based on the following reasons:

"1. Error of law occurring at the trial in this, to wit: That the Court erred in admitting for consideration by the jury, over objections of defendant, certain handwriting specimens obtained from defendants without the knowledge or consent of defendant's attorney, after defendant had been arraigned, and without informing defendant of his right to have counsel present during the interrogation which resulted in the obtaining of said handwriting specimens; that said handwriting speciments were obtained from defendant against his will through threats and by promises made by State Police Office(r) Wayne Hall that by giving said handwriting specimens and by signing extradition papers, defendant would be released to the State of Michigan and charges would be dismissed by the Morgan Superior Court.

2. Error of law occurring at the trial in this, to wit: That the Court erred in admitting for consideration by the jury, over objections of defendant, that defendant admitted certain handwriting specimens as belonging to him during interrogation by Deputy Sheriff Paul Mason, on July 28, 1966, without the knowledge or consent of defendant's attorney and after defendant had been arraigned, and without informing defendant of the right to have counsel present during such interrogations; that said admissions were obtained by threats and promises by the said Paul Mason, that said admissions would result in defendant being released to the State of Michigan and charges would be dismissed by the Morgan Superior Court.

3. Error of law occurring at the trial in this, to wit: That the Court erred in overruling defendant's written and oral motion for change of venue from the County.

4. That the verdict of the jury is contrary to law.

5. That the verdict of the jury is not sustained by sufficient evidence."

As regards the first two grounds for a new trial, while the veracity of appellant's allegations as to his being deprived of his constitutional rights is subject to some question, we do not need to consider whether the evidence would would have been admissible over timely objections. Despite his allegations to the contrary, the record shows that appellant did not object to the admission of this evidence at the time of its introduction at the trial. Appellant expressly approved the admission of Exhibits E and F for the sole purpose of comparison by a handwriting expert, and this was the only purpose for which this evidence was employed. Deputy Paul Mason did not testify as to any admission made by appellant except when cross-examined and then only in direct response to appellant's questions; appellant never objected or moved to strike any part of the testimony of this witness during the trial. It is well settled that unless a proper and timely objection is made to the admissibility of evidence in the trial court, the question is not reserved and will not be considered on appeal. *White* v. *State* (1955), 234 Ind. 193, 125 N. E. 2d 442.

Furthermore, appellant has not furthered these two evidentiary objections with supporting argument in this appeal. Supreme Court Rule 2-17 provides that assignments of error or causes for a new trial not treated in an appellant's brief shall be deemed to be waived. Therefore, the only issues to be determined in this appeal are those raised by appellant in the third, fourth and fifth grounds of his motion for a new trial.

On April 19, 1966, appellant was charged by affidavit with the offense of issuing a fraudulent check. The affidavit reads in part as follows:

"... Anthony J. Hanrahan did then and there commit the crime of theft in that he knowingly and feloniously and unlawfully made, drew, uttered and delivered a check for payment of Twenty-Five Dollars upon the American Fletcher National Bank and Trust Company . . . which

was then and there delivered by Anthony J. Hanrahan to Richard Thompson and Carl Thompson d/b/s (sic) Thompson's Garage in exchange for certain property knowing that said American Fletcher National Bank and Trust Company would refuse payment of said check when it was presented in the usual course of business . . ."

The first argument in appellant's brief is that this affidavit was based upon and grounded in Ind. Anno. Stat. § 10-2105 (1956 Repl.) which was repealed by the Offenses Against Property Act in 1964, and that the trial court therefore lacked subject-matter jurisdiction. This argument was properly reserved by appellant's motion for a new trial on the cause that the verdict was contrary to law. Appellant attempts to support his argument by comparing the language used in the affidavit with the language of the repealed statute.

The offenses Against Property Act, while it repealed Ind. Anno. Stat. § 10-2105 (1956 Repl.), substituted a new statute, Ind. Anno. Stat. § 10-3037 (1968 Supp.), to deal with this factual situation and similar offenses. This new statute in pertinent part provides that:

"A person commits a crime when . . . he issues or delivers a check or other order upon a credit institution or person for the payment of money or other property, knowing that it will not be paid or honored by the drawee. The fact that the drawer has insufficient funds in or has no account with the drawee credit institution shall create an inference that the actor knew that it would not be paid or honored by the depository . . ."

The allegations in the affidavit are clearly sufficient to constitute a crime under Ind. Anno. Stat. § 10-3037 (1968 Supp.). Any similarity in language between the affidavit and the repealed statute is inconsequential and unavailing to appellant.

As regards this charge, the evidence viewed most favorably for the State can be summarized as follows: On February 8, 1966, appellant presented one Carl Thompson d/b/a Thompson's Garage a check for twenty-five dollars ($25) drawn on

an account at the American Fletcher National Bank and Trust Company, Indianapolis, Indiana, in partial payment for an automobile which appellant was then purchasing from Thompson's Garage. Both Carl Thompson and his wife, Frances Thompson, were present when the check was written; they both testified that appellant's wife wrote the check and appellant signed it. No handwriting comparisons were needed or used by the state to establish that appellant was the maker of the check. Carl Thompson deposited the check in a local bank, but it was soon returned with a yellow slip indicating that it had been dishonored because of "insufficient funds" in the account. Norman A. Schultz, a bookkeeper for the American Fletcher National Bank and Trust Company, testified that the account on which appellant had drawn the check had been closed on January 4, 1966, because the account at that time had been overdrawn. The bookkeeper identified a "file card" which was admitted into evidence showing that appellant had made no deposits to this account between January 4 and March 16, 1966.

Each material element of the charge must be proved by substantial evidence of probative value or by reasonable inferences therefrom. *Harris* v. *State* (1967), 249 Ind. 681, 231 N. E. 2d 800, 802; *Finch* v. *State* (1967), 249 Ind. 122, 231 N. E. 2d 45, 47. Two elements must be proved to sustain a charge of issuing a fraudulent check under Ind. Anno. Stat. § 10-3037 (1968 Supp.) : (1) Appellant must have issued or delivered a check upon a credit institution for the payment of money, and, (2) appellant must have known that it would not be paid or honored by the drawee.

There was substantial evidence of probative value to show that appellant did sign and deliver a check for the payment of money drawn on an account that had been closed for over a month. The statute expressly provides that an inference can be drawn that the appellant knew that the check would not be honored from the fact that he did not have sufficient funds with the bank to cover the check.

Ind. Anno. Stat. § 10-3037 (1968 Supp.). We hold that there is sufficient evidence to sustain the verdict of the jury on this charge and that the verdict is not contrary to law.

On July 28, 1966, appellant was charged by affidavit with the offense of forgery as defined by Ind. Anno. Stat. § 10-2102 (1956 Repl.) which provides in part:

> "Whoever falsely makes or assists in making, defaces, destroys, forges, counterfeits, prints or photographs or causes to be made . . . or photographed, any record·. . . bank bill or note, check, . . . or any other instrument in writing, with intent to defraud any person or utters· or publishes as true any such instrument or matter, knowing the same to be false . . . with intent to defraud any person . . . shall, on conviction, be imprisoned in the state prison not less than two years nor more than fourteen years . . ."

As regards this charge, the evidence viewed most favorably for the State reveals that on March 23, 1966, appellant possessed a "payroll check," payable to himself, drawn on the American Fletcher National Bank and Trust Company for twenty-five dollars ($25), and purportedly made and signed by one John R. Stine. Appellant endorsed the check and presented it to Carl Thompson who was told by appellant that he had been working for the purported maker of the check. Thompson accepted the check and, in consideration, gave the appellant a battery worth ten dollars ($10) and fifteen dollars ($15) in cash. Upon presentment, the check was not honored and was returned to Carl Thompson with a slip from the drawee bank stating "unable to locate." A handwriting expert from the Indiana State Police testified that all the handwriting on the face of the check, including the signature of the purported maker, was in fact effected by the same person who had written Exhibits E and F, there was testimony offered to prove that Exhibits E and F had been written by appellant. Inasmuch as there was a procedural error which calls for a reversal of appellant's conviction on this charge, we need not consider whether the verdict is sustained by sufficient evidence or is contrary to law.

Appellant, by his court appointed pauper attorney, pursuant to Supreme Court Rule 1-12(C), timely filed a "properly verified application" for a change of venue from the county. This was filed prior to the consolidation of the two causes, and was only filed in the cause based on the charge for forgery. In the application, appellant under oath declared:

". . . that he cannot have a fair and impartial trial thereof in the County of Morgan, wherein said cause is now pending, for each of the following reasons:

(1) That the plaintiff has undue influence over the citizens of said county.

(2) That an odium attached to the defendant in said county, on account of local prejudice.

(3) That an odium attaches to the defendant's defense in said county, on account of local prejudice . . ."

Supreme Court Rule 1-12(C) provides in part:

"Upon the filing of a properly verified application, a change of venue from the county shall be granted in all cases punishable by death and may be granted in all other cases when in the court's discretion cause for such change is shown to exist after such hearing or upon such other proof as the court may require."

Subsequent to the filing of this application, but before any response had been made to it by the court, the pauper attorney withdrew his appearance, and the appellant elected to conduct his own defense. According to the record, the only response ever made to this verified application by the court was but one sentence:

"Defendant is further advised for the record that his former attorney's motion (is) filed on August 4th, 1966, is overruled."

There is nothing in the record to indicate that appellant was afforded a hearing or any opportunity to present evidence before the trial court overruled the motion. Apparently, the prosecution did not present any answer or evidence to rebut appellant's application.

Appellant contends that the trial court abused its discretion in summarily overruling the motion for a change of venue without providing him with a hearing or some opportunity to present evidence in support of the motion. Appellee points out that this rule, literally interpreted, only requires a "hearing" or "other proof" when the court elects to grant the application and is silent on what is required when the court overrules the motion. Appellant argues that the plain meaning of the language is that a change of venue from the county cannot be ruled upon until a hearing or other opportunity to present evidence has been afforded to the petitioner. The precise question to be decided is this: Under Rule 1-12(C), if a defendant in a criminal action timely files a properly verified application for a change of venue from the county, is it an abuse of discretion for the trial court to deny such an application absent any rebuttal from the prosecution without affording the petitioner-defendant a hearing or other opportunity to present evidence in support of such application?

This court has had several actions brought for a writ of mandate or prohibition in which the relator has contended that the trial court abused its discretion in summarily overruling a verified application for a change of venue where no counter-affidavits or controverting evidence was presented. E.g., *State ex rel. Red Cab., Inc.* v. *Shelby Circuit Court* (1962), 243 Ind. 127, 183 N. E. 2d 336; *State ex rel. Kielpikowski* v. *Murray* (1960), 240 Ind. 222, 163 N. E. 2d 597; *State ex rel. Botkin* v. *Delaware Circuit Court* (1959), 240 Ind. 261, 162 N. E. 2d 611. Although in each of these cases the writ was denied, it was because the court held that such a remedy could not be utilized to review the discretion of the trial court and not because the court disapproved the underlying proposition that there was an abuse of discretion.

The verified application, until refuted by the prosecution, stands as the only evidence upon which the court can base its decision. If the application states a cause for which a change

of venue should be granted, then the necessity for a change of venue has been prima facie established. It is of course within the discretion of the trial court to question the credibility of an application whose veracity has been attacked by the prosecution. It may also be within the courts discretion to question the credibility of an uncontroverted application, but this should be done only after affording the petitioner a hearing or other opportunity to support his application with additional evidence.

We hold that to deny an uncontroverted, verified application for change of venue without affording petitioner some opportunity to present additional evidence in support of said application is an abuse of discretion by the trial court, and that such a denial in this case constitutes reversible error. It should be noted that this holding does not require a refutation by the prosecution in all cases before the trial court can overrule a verified application for a change of venue; the credibility of the application can be questioned even absent such a refutation. But where the credibility of an uncontroverted verified application is to be the sole basis for the denial, the petitioner should be allowed a hearing or other opportunity to bolster his credibility with supporting evidence.

Inasmuch as the application for change of venue was only made in the cause based on the forgery charge and before the two proceedings were consolidated, the denial of the application constitutes reversible error only as regards the forgery conviction. There was no error in overruling appellant's motion for a new trial as regards the conviction for issuing a fraudulent check.

For all the foregoing reasons, the judgment of the trial court as regards appellant's conviction for issuing a fraudulent check should be affirmed, and the judgment of the trial court as regards appellant's conviction for forgery should be reversed and remanded with instructions to sustain appellant's motion for a new trial.

Judgment affirmed on trial court cause no. S66C253, issuing a fraudulent check.

Judgment reversed and remanded with instructions on trial court cause no. S66S548, forgery.

Lewis, C. J., Arterburn and DeBruler, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 241 N. E. 2d 143.