DONALD R. KNIGHT *v.* STATE OF INDIANA.

[No. 1-173A20. Filed April 5, 1973.]

*James W. Pendland,* of Mitchell, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant was charged on April 10, 1972, with the crime of carrying a pistol without a permit. On May 5, 1972, defendant-appellant timely filed a verified motion for change of venue from the county, for the reason he could not receive a fair trial of said cause in Lawrence County, ". . . owing to the excitement and prejudice against the Defendant in said County and in the part of said County where said cause is to be tried." The same was overruled by the court on the date it was filed without any hearing to determine if there was excitement and prejudice, as alleged.

The one issue necessary for review by this court is whether the trial court erred in overruling defendant's affidavit for change of venue from the county, thus denying him a fair trial by an impartial jury.

The causes for change of venue from the county are still governed by Ind. Ann. Stat. § 9-1301 (Burns 1956 Repl.), the same being IC 35-1-25-1.

Said statute provides, in part, as follows:

"The defendant may show to the court, by affidavit, that he believes he can not receive a fair trial, . . . or the excitement or prejudice against the defendant in the county or in some part thereof . . ."

In the case of *Hanrahan* v. *State* (1968), 251 Ind. 325, 241 N.E.2d 143, Justice Hunter of our Supreme Court passed on the same question that has been presented to us in this action. He referred to Supreme Court Rule 1-12 (C), which is presently Criminal Rule 12, which provides, in part:

"Upon the filing of a properly verified application, a change of venue from the county shall be granted in all cases punishable by death and may be granted in all other cases when in the court's discretion cause for such change is shown to exist after such hearing or upon such other proof as the court may require."

In *Hanrahan* the court said there was nothing in the record to indicate that appellant was afforded a hearing or an opportunity to present evidence before the trial court overruled the motion, and apparently the prosecution did not present any answer or evidence to rebut appellant's application.

Justice Hunter held:

". . . that to deny an uncontroverted, verified application for change of venue without affording petitioner some opportunity to present additional evidence in support of said application is an abuse of discretion by the trial court, and that such a denial in this case constitutes reversible error. . . ." See, also, *Brown* v. *State* (1969), 252 Ind. 161, 247 N.E.2d 76.

In *Cooper* v. *State* (1972), 259 Ind. 107, 284 N.E.2d 799, Justice Prentice of our Supreme Court reaffirmed the rule in *Hanrahan* v. *State, supra.*

We are constrained to hold that under Ind. Ann. Stat. § 9-1301 (Burns 1956 Repl.), Criminal Rule 12, and the Supreme Court cases from which we have quoted and on which we rely that the trial court erred in not holding a hearing or allowing such other proof as the court might require to support defendant-appellant's motion for change of venue from the county.

Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.

Robertson, P.J. and Lybrook, J., concur.