PAUL EUGENE FRANKS, JR. *v.* STATE OF INDIANA.

[No. 373S33. Filed November 2, 1973.]

*Barrie C. Tremper*, of Fort Wayne, for appellant.

*Theodore L. Sendak*, Attorney General, *A. Frank Gleaves, III*, Deputy Attorney General, of Indianapolis, for appellee.

HUNTER, J.—This is an appeal from a first degree murder conviction in which appellant was sentenced to life imprisonment in the Indiana State Prison. Appellant raises one issue for our determination: Whether it is reversible error for a trial court to summarily deny an *unverified* application for change of venue from the county. We hold that it is not.

Criminal Rule 12, Rules of Criminal Procedure, reads in pertinent part as follows:

". . . Upon the filing of a *properly verified application*, a change of venue from the county shall be granted in all cases punishable by death and may be granted in all other cases when in the court's discretion cause for such change is shown to exist after such hearing or upon such other proof as the court may require. Provided, however, that the state of Indiana or the defendant shall be entitled to only one [1] change from the judge and the defendant shall be entitled to only one [1] change from the county.

\* \* \*

"Provided, however, that if the applicant first obtains knowledge of the cause for change of venue from the judge or from the county after the time above limited, he may file the application, *which shall be verified by the party himself specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence.* Any opposing party shall have the right to file counter-affidavits on such issue within ten [10] days, and the ruling of the court may be reviewed only for abuse of discretion. All pleadings, papers and affidavits filed at any hearing held pursuant to this rule shall become a part of the record without further action upon the part of either party. . . ." (Emphasis added.)

Prior to trial, on July 19, 1972, the appellant filed an unverified application for change of venue from the county in which he alleged that a confidential psychiatric report concerning the appellant had been published in a local newspaper. Appellant further alleged that the publication of said report would inevitably prejudice potential jurors within the county and, therefore, preclude a fair and impartial trial.

The unverified allegations presented nothing for the trial court to consider. Appellant contends that this Court has previously sanctioned the validity of an unverified application in *Pierce* v. *State* (1970), 253 Ind. 650, 256 N. E. 2d 557. The reliance upon *Pierce* is misplaced. In that case the trial judge granted a change of venue upon an unverified application, but the Court did not address itself to the issue as to whether such procedure was proper. Instead, we held that the defendant could not later challenge the granting of the change of venue on the grounds that the application was unverified. In the instant case the application was properly denied in the first instance. There is no error here. *Nelson* v. *State* (1972), 259 Ind. 339, 287 N. E. 2d 336.

For all the foregoing reasons, the judgment of the trial court is hereby affirmed.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 302 N. E. 2d 767.