MARTIN W. BRADBERRY *v.* STATE OF INDIANA.

[No. 1-873A154. Filed May 22, 1974.]

*Mark Peden, Foley & Foley,* of Martinsville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant Bradberry was charged, in September, 1972, by affidavit in two counts with

the crimes of assault with intent to kill and commission of a felony while armed. Bradberry pleaded not guilty and filed a motion for change of judge, which motion was granted. Thereafter a special judge was duly appointed and qualified. In January of 1973 Bradberry filed a motion for change of venue from the county and said motion was denied after a hearing thereon. On May 18, 1973, a second and verified motion for a change of judge was filed by Bradberry. The motion was denied on the same day without the court hearing any evidence thereon.

Trial was had to a jury which rendered its verdict of guilty on each of the counts. A motion to correct errors was timely filed and overruled by the court.

Bradberry has presented seven issues in this appeal. The most critical issue for this court to pass upon is raised in the motion to correct errors, Item 3, which reads as follows, to-wit:

> "The court erred in overruling defendant's motion for change of judge filed May 18, 1973, without a hearing thereon."

Bradberry contends that a defendant has a right to more than one change of venue from the judge if good cause is shown. Bradberry argues that in order to show good cause (bias and prejudice) a hearing must be held in relation to the motion for change of judge so that the trial court will have a proper basis for its ruling and the defendant will have every opportunity to establish the allegations of the motion.

In the case of *Burton* v. *State* (1973), 260 Ind. 94, 292 N.E.2d 790, our Supreme Court held that a criminal defendant was entitled in a case punishable by death to a change of venue as a matter of right. Subsequent changes of venue were found to be within the discretion of the trial court. Any subsequent changes are granted only upon an adequate showing of bias and prejudice. In *Burton* the trial court held a hearing and determined that no change of venue was required and our Supreme Court affirmed

the trial court's decision, but emphasized the fact that a hearing was held on the motion. See, also, *Dickens* v. *State* (1973), 260 Ind. 284, 295 N.E.2d 613.

This court has recently held, in the case of *Knight* v. *State* (1973), 155 Ind. App. 680, 294 N.E.2d 158, that a proper motion for a change of venue should not be ruled upon until a hearing has been had thereon. This court held as follows:

> "We are constrained to hold that under Ind. Stat. Ann. § 9-1301 (Burns 1956 Repl.), Criminal Rule 12, and the Supreme Court cases from which we have quoted and on which we rely that the trial court erred in not holding a hearing or allowing such other proof as the court might require to support defendant-appellant's motion for change of venue from the county." See, also, *Knight* v. *State* (1973), 156 Ind. App. 395, 296 N.E.2d 892.

The basis for our decision in *Knight, supra,* was that no hearing was held prior to a ruling on the verified motion for a change of venue. The reasoning behind this decision was discussed in the case of *Hanrahan* v. *State* (1968), 251 Ind. 325, 241 N.E.2d 143, where our Supreme Court found that the record indicated that the appellant had not been afforded a hearing or any opportunity to present evidence before the trial court overruled a motion for change of venue. The court stated that an uncontroverted, *verified* motion for a change of venue establishes a prima facie case and that the motion should not be overruled until the petitioner is afforded an opportunity to support his motion with additional evidence. The court concluded as follows:

> "We hold that to deny an uncontroverted, *verified* application for change of venue without affording petitioner some opportunity to present additional evidence in support of said application is an abuse of discretion by the trial court, and that such a denial in this case constitutes reversible error. It should be noted that this holding does not require a refutation by the prosecution in all cases before the trial court can overrule a *verified* application for a change of venue; the credibility of the application can be questioned even absent such a refutation. But where the credibility of an uncontroverted *verified* application is to be the sole basis for the denial, the petitioner should be allowed a hearing

or other opportunity to bolster his credibility with supporting evidence." (Our emphasis.) See, also, *Brown* v. *State* (1969), 252 Ind. 161, 247 N.E.2d 76.

The State has pointed out that these cases deal with changes of venue from the county rather than a change of venue from the judge. However, in the case of *Millican* v. *State* (1973), 157 Ind. App. 363, 300 N.E.2d 359, this court was faced with a situation where a verified motion for a change of venue from the judge had been filed. We held that to deny the uncontroverted, *verified* motion without affording an opportunity to present additional evidence in support of the motion was an abuse of discretion and that such a denial constituted reversible error. This court relied on *Knight, supra, Brown, supra,* and *Hanrahan, supra,* for the rationale behind the decision.

Ind. Rules of Procedure, Criminal Rule 12, establishes when a change of venue may be had as a matter of right but it does not preclude subsequent changes either from the county or the judge where good cause is properly presented.

Thus, CR. 12 notwithstanding, it is clear that a hearing must be held or an opportunity must be given to the defendant to present additional evidence in support of a *verified* motion for a change of venue from the county *or* from the judge, even though it may be a second or subsequent verified motion for a change of venue.

Under the authorities cited herein, we are constrained to hold that the trial court erred when it denied Bradberry's *verified* motion for a change of judge without conducting a hearing thereon.

Reversed and remanded for a new trial.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 311 N.E.2d 437.