### ERNEST SIMPSON *v.* STATE OF INDIANA.

[No. 2-1174A286. Filed May 29, 1975. Rehearing denied July 3, 1975. Transfer denied December 10, 1975.]

308

*Robert G. Mann,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

ROBERTSON, C.J.—Defendant-appellant, Simpson, brings this appeal from his convictions of sodomy and assault and battery with intent to commit rape.

The issues raised on appeal are whether the trial court erred in denying a motion for change of venue without conducting a hearing, denying a continuance of trial, overruling a motion for suppression of an in-court identification and in denying counsel the opportunity to personally voir dire the jurors and, finally, whether the verdict was supported by sufficient evidence.

Finding no error, we affirm.

The incident from which this case arose occurred on November 19, 1973. The victim left her place of employment at the downtown branch of Merchants Bank around 11:00 P.M. and took a bus to her home near 42nd and Sherman Drive in Indianapolis. Departing from the bus at 38th and Sherman Drive, she proceeded to walk toward her home. As she passed a church located on Sherman Drive, she saw a man, whom she later identified as Simpson, standing near some bushes. After she had walked by him, Simpson grabbed her from behind, choked her and pushed her to the ground. He unsuccessfully attempted to have intercourse and then sat on the victim's chest and forced her to perform fellatio. After the attack, Simpson took the victim's driver's license from her purse and read her name aloud, warning her, "If you try to tell anybody, I'll kill you."

After Simpson had fled, the victim ran to her apartment and called the police. Detective Ohrberg arrived at the apartment around 12:30 A.M. and was given a description of the attacker. He observed that the victim's clothing was wet and covered with mud. Detective Ohrberg went with the victim to the scene of the attack and observed an area where the grass was matted down and the turf pushed up. He found a prescription pill bottle laying on the grass. The label on the bottle contained Simpson's name.

Later in his investigation, Detective Ohrberg obtained a photograph of Simpson and showed it to the victim along with four other photographs. The victim identified Simpson immediately.

Simpson was arrested and charged with sodomy and assault and battery with intent to commit rape. He was found guilty of both offenses and sentenced to two indeterminate sentences of one to ten and two to fourteen years.

Simpson's first two contentions involve his motion for a change of venue from Marion County. He contends that the trial court erred, first, in not granting a hearing on the motion and, second, by denying the motion.

The motion was filed on May 21, 1974, one day prior to the scheduled start of trial. In the affidavit, Simpson stated that he could not receive a fair and impartial trial in Marion County because of the mass mailing of materials by an organization known as Women United Against Rape.

On May 22, 1974, the day of trial but before the selection of the jury, the trial court asked Simpson if he was prepared for a hearing on the motion. He stated that he was not, but the State responded that it was prepared to rebut statements made in the motion. Simpson asked for a continuance in order to prepare for the hearing which was denied by the court.

Thereafter, Simpson argued in behalf of his motion. The State offered evidence which Simpson attempted to rebut by calling two witnesses of his own. Both sides completed closing arguments on the motion.

Simpson argues that he was not given a hearing on the motion. However, it is apparent from an examination of the proceedings that a hearing, sufficient to satisfy the requirements of Indiana law, was in fact held. *Hanrahan* v. *State* (1968), 251 Ind. 325, 241 N.E.2d 143; *Millican* v. *State* (1973), 157 Ind. App. 363, 300 N.E. 2d 359.

Simpson next argues that the trial court erred in denying a change of venue.

With the exception of cases punishable by death, the granting of a change of venue from the county is within the dis-

cretion of the trial court. Ind. Rules of Procedure, Criminal Rule 12. One alleging error in the denial of such a motion must show a clear abuse of discretion by the trial court. *LaDuron* v. *State* (1973), 157 Ind. App. 189, 299 N.E.2d 227.

Simpson alleges that the activities of Women United Against Rape created such an atmosphere surrounding the case that it was impossible for him to receive a fair and impartial trial in Marion County.

However, our supreme court held in *Cody* v. *State* (1972), 259 Ind. 570, 290 N.E.2d 38:

> "This court has previously held that the rule involved requires much more than a mere speculation that prior publicity had prejudiced the appellant in the county where the trial took place. There must be a showing that the jurors who heard the evidence had actually been subjected to such publication." 290 N.E.2d at 44.

In the present case there was no showing that the publications of Women United Against Rape actually reached the jurors. Moreover, the State stated that it would exclude all persons from the jury who were associated with the organization or anyone who had even heard of it.

Under these facts the trial court did not abuse its discretion in denying a change of venue.

Simpson contends that the trial court erred in overruling his motion to suppress the in-court identification since it was based on an impermissibly suggestive out-of-ourt identification.

The record reveals that the police obtained an 8″ x 12″ commercial photograph of Simpson posing with a girl friend and placed it among four 3″ x 5″ pictures of convicted felons from the police files. Without hesitation, the victim designated Simpson as her assailant.

While we would tend to believe that this out-of-court identification was improperly conducted, the record establishes a sufficient independent basis for the in-court identification.

As stated in *Ballard* v. *State* (1974), Ind. App., 309 N.E. 2d 817:

"There is an abundance of Indiana cases holding that reversible error will not exist if a witness's in-court identification of an accused is supportable by a factual basis which is independent of allegedly erroneous pre-trial identification procedures. *Sawyer* v. *State* (1973), 260 Ind. 597, 298 N.E.2d 440; *Lindsey* v. *State* (1973), 260 Ind. 351, 295 N.E.2d 819; *Hendrickson* v. *State* (1973), 260 Ind. 401, 295 N.E.2d 810; *Stephens* v. *State* (1973), 260 Ind. 326, 295 N.E.2d 622; *Cody* v. *State* (1972), 259 Ind. 570, 290 N.E.2d 38; *Emerson* v. *State* (1972), 259 Ind. 399, 287 N.E.2d 867; *Dillard* v. *State* (1971), 257 Ind. 282, 274 N.E.2d 387; *Rhodes* v. *State* (1972), 154 Ind. App. 594, 290 N.E.2d 504, 309 N.E.2d at 822.

The victim testified that there was ample light in the area for her to clearly see the face of her assailant who was within inches of her for the fifteen to twenty minute duration of the attack. She also testified that she based her in-court identification of Simpson on her observations during the incident and not on the photograph she had examined, stating that there was something she couldn't forget about his face and eyes.

This evidence formed a sufficient independent basis to support the victim's in-court identification.

Simpson next argues that the trial court abused its discretion in overruling his motion for a continuance made on the day of trial.

The motion was made on the grounds that the State had failed to comply with a motion for production. However, the record shows that the trial court asked Simpson's counsel if the State had at that time complied with the motion to produce and counsel responded that the State had complied.

The trial court did not abuse its discretion in denying the continuance.

Simpson next contends that the court committed reversible error by denying his counsel the opportunity to personally voir dire the prospective jurors.

At the start of the proceedings in this case the parties were informed that the court would conduct the voir dire and that the parties would have an opportunity to submit questions to the court to be used in its examination. Both Simpson and the State submitted questions to the court and the prospective jurors were examined with those questions. The court then examined the jurors individually. At the conclusion both parties accepted the jury.

This procedure was proper in accordance with Ind. Rules of Procedure, Trial Rule 47, which provides in part:

"(A) Examination of jurors. The court shall permit the parties or their attorneys to conduct the examination of prospective jurors *or may itself conduct the examination.*" (Emphasis added). *See also: Robinson* v. *State* (1973), 260 Ind. 517, 297 N.E.2d 409.

Simpson finally contends that the evidence was not sufficient to sustain his conviction for the crimes of assault and battery with intent to commit rape and sodomy.

As in all cases where sufficiency of the evidence is raised on appeal, this court will not weigh the evidence or judge the credibility of witnesses. If each element of the offense is supported by substantial evidence of probative value, the judgment will be affirmed. *Moore* v. *State* (1973), 260 Ind. 154, 293 N.E.2d 28.

The facts most favorable to the State show that the victim was thrown to the ground, choked and disrobed. She testified that Simpson attempted to have intercourse with her and upon his inability to complete the act, placed himself upon the victim's chest and forced her to perform fellatio.

Simpson's only argument on this issue is that the evidence was not sufficient to properly identify Simpson as the person who committed the offenses. We do not agree.

The record shows that the police found a prescription drug bottle at the scene of the attack with Simpson's name on the inside label. Moreover, the victim positively identified Simpson as her assailant based upon her observations during the attack.

The evidence was sufficient to support the conviction.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 328 N.E.2d 462.