JOSEPH E. SPUGNARDI *v*. STATE OF INDIANA.

[No. 1-576A86. Filed November 9, 1976.]

*William G. Brown,* of Brazil, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant, Joseph Spugnardi, appeals his conviction of driving under the influence of intoxicating liquor[1] presenting two issues for our review:

(1) Whether the trial court committed reversible error in refusing to grant a change of venue from the judge?

(2) Whether the trial court committed reversible error in allowing the results of a breathalyzer test to be admitted into evidence?

The evidence most favorable to the State reveals that on September 14, 1975, at approximately 3:00 A.M., the defendant was driving west along State Road 42 when he was stopped by Officers Wayne Lucas and Max Lance of the Clay

---

1. IC 1971, 9-4-1-54 (Burns Code Ed.).

County Sheriff's Department. The defendant's vehicle was stopped after the officers had observed it running off the road, crossing the center line and travelling at a high rate of speed.

After being stopped, the defendant got out of his car and walked unsteadily along the highway to meet Officer Lucas. As the defendant approached the officers, both smelled a strong odor of alcohol on his breath. Officer Lucas then asked the defendant if he would be willing to take a breathalyzer test. After agreeing to take the test, the defendant was taken to the Putnamville State Police Post where a breathalyzer test was administered.

The test results indicated that the defendant was intoxicated.[2] He was then placed under arrest and charged with this offense. The defendant was subsequently tried and convicted of the charged offense and this appeal follows.

## I.

Initially, the defendant contends that the trial court committed reversible error in refusing to grant his motion for a change of venue from the judge.

A change of venue from the judge in criminal cases is specifically controlled by Criminal Rule 12 of the Indiana Rules of Criminal Procedure which in pertinent part reads as follows:

\* \* \*

"In any criminal action, no change of judge or change of venue from the county shall be granted except within the time herein provided.

"An application for a change of judge or change of venue from the county shall be filed within ten [10] days after a plea of not guilty, or if a date less than ten [10] days from the date of said plea, the case is set for trial, the application shall be filed within five [5] days after setting the case for trial. Provided, that where a cause is remanded for

---

2. The defendant registered point one nine percent (.19%).

a new trial by the Supreme Court, such application must be filed not later than ten [10] days after the party has knowledge that the cause is ready to be set for trial."

The record reveals that defendant Spugnardi was arraigned on September 16, 1975, at which time he entered a plea of not guilty. On the same day, the trial court set this action for trial on December 15, 1975. Subsequently, on September 25, 1975, the defendant filed a motion for change of venue from the judge. After conducting a hearing on the defendant's motion, the trial court overruled the motion for the following reasons:

> "The court having seen and examined said brief and being advised now finds that the defendant entered a plea of not guilty on September 16, 1975; that on said date the court set this cause for trial; that defendant's motion for change of judge was filed on September 25, 1975, more than five days after the cause had been set for trial according to Trial Rule 12 of the Rules of Criminal Procedure. Said motion for change of Judge is unverified and no specifications of cause is shown and none alleged at the hearing, said motion is now overruled."

Defendant argues that the trial court improperly interpreted the statutory time limitations for filing a motion for change of venue from the judge pursuant to Criminal Rule 12. In essence, the defendant maintains that he had ten (10) days to file his motion after he entered his plea of not guilty and the five (5) day statutory limitation was not applicable because the trial date was set beyond the ten (10) day period.

The time limitations provided by the rule in question have not been previously discussed by our Courts. Criminal Rule 12 expressly provides that a motion for change of judge, to be timely, must be filed within ten (10) days after a plea of not guilty has been entered. However, a motion for change of judge will also be timely when the motion is filed within five (5) days after setting the case for trial ". . . if a date less than ten (10) days from the date of said plea, the case is set for trial . . ." CR. 12.

In the case at bar, the trial judge interpreted the language of Criminal Rule 12 to mean that the five (5) day period begins running from the date when the case is initially set for trial regardless of the actual trial date. We are of the opinion that the trial judge incorrectly interpreted the time limitations provided under Criminal Rule 12.

Spugnardi filed his motion within the ten (10) day limitation imposed by Criminal Rule 12. Thus, the trial court should have granted his motion for change of judge.

It is well settled in Indiana that if a motion for change of judge is timely filed and is in compliance with the governing rule or statute, the right to the change is absolute and the trial court is without discretion to deny it. See, *State ex rel. Benjamin* v. *Criminal Court of Marion County, Division No. III* (1976), 264 Ind. 191, 341 N.E.2d 495; *Asher* v. *State* (1926), 198 Ind. 23, 152 N.E. 171. It is, also, well established that a motion for change of judge under Criminal Rule 12 need not be verified. CR. 12; *State ex rel. Benjamin* v. *Criminal Court of Marion County, Division No. III, supra.*

Having determined that Spugnardi's motion was timely filed and consistent with the requirements of Criminal Rule 12, we hold that the trial court committed reversible error in denying the defendant's motion for change of judge.

## II.

Due to our reversal on the first issue, we find it unnecessary to consider the second issue.

The judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 356 N.E.2d 1199.