Allan COULSON and Mary Coulson,
et al., Appellants,

v.

INDIANA & MICHIGAN ELECTRIC
CO., Appellee.

No. 1284S472.

Supreme Court of Indiana.

Dec. 4, 1984.

Max E. Goodwin, Mann, Chaney, Johnson, Goodwin & Williams, Terre Haute, for appellants.

Henry J. Price, Richard A. Cohen, Barnes & Thornburg, Indianapolis, Donald G. Bell, Hart, Bell, Deem, Ewing & Stuckey, Vincennes, for appellee.

ON PETITION TO TRANSFER

DeBRULER, Justice.

The case dealt with in this appeal was commenced by Appellee Indiana & Michigan Electric Company to appropriate

rights-of-way and easements across land owned by Allan and Mary A. Coulson for construction of a 765,000 volt electrical transmission line. On November 9, 1983, the trial court entered a condemnation order, overruling objections of these condemnees, Coulsons, and appointing appraisers to determine damages. An interlocutory appeal was then commenced by the condemnees, and in furtherance thereof they filed their Record of Proceedings with the clerk of this Court on December 27, 1983. While jurisdiction of the appeal was thus extant in the Court of Appeals, condemnees filed a motion in the trial court on January 16, 1984, to reconsider their objections and the condemnation order in light of the decision of the Court of Appeals in *Hagemeier v. Indiana & Michigan Electric Co.* (1983), Ind.App., 457 N.E.2d 590, dealing with the sufficiency of the description of an easement. The trial court then issued an entry purporting to vacate the condemnation order and entered judgment in favor of condemnees. On June 7, 1984, the Court of Appeals entered an order requested by condemnees that the appeal be dismissed as moot. Rehearing was denied, and I & M has filed its petition for transfer, which is now granted.

▬ The jurisdiction of the appellate court arises upon timely filing there of the record of proceedings. Ind.R.App.P. 3(A); *Logal v. Cruse* (1977), 267 Ind. 83, 368 N.E.2d 235; *Bright v. State* (1972), 259 Ind. 495, 289 N.E.2d 128. In the case before us the record of the proceedings for the interlocutory appeal of the condemnation order and order appointing appraisers was filed on December 27, 1983, and as of that time the trial court lost jurisdiction to alter or amend that order. The purpose of viewing jurisdiction in this formalistic manner is to facilitate "... the orderly presentation and disposition of appeals and [prevent] the confusing and awkward situation of having the trial and appellate courts simultaneously reviewing the correctness of the judgment." *Donahue v. Watson* (1981), Ind.App., 413 N.E.2d 974, 976. The jurisdictional rule also prevents the prevailing party from having to bear the cost of

defending its judgment in two separate courts at the same time, and safeguards against the waste of appellate judicial resources. If after appellate jurisdiction concretes, a new and meritorious ground for relief from judgment arises, a petition seeking authority to raise that ground in the trial court must be addressed to the appellate tribunal. *Logal v. Cruse, supra; Davis v. State* (1977), 267 Ind. 152, 368 N.E.2d 1149. Here, that procedural device was not employed. The trial court was without jurisdiction to reconsider and vacate the original order of condemnation from which this appeal was taken, and the Court of Appeals was in error in dismissing the appeal on the basis of the trial court's action.

▬ The trial court based its decision upon this Court's opinion in *State ex rel. Indiana & Michigan Electric Company v. Sullivan Circuit Court* (1983), Ind., 456 N.E.2d 1019. In that case we held that Ind.Code § 32–11–1–7, a provision of the eminent domain act, governed the availability of orders which would stay further proceedings in an applicable case after an interlocutory order of condemnation was made, and that there is no authority to issue such orders. The trial court was mistaken in its reading of that case as providing it with authority to grant relief from its order of condemnation while jurisdiction of the appeal of that order was vested in an appellate court. The trial court authority recognized in that case as continuing unabated during the pendency of the appeal of an order of condemnation, is the authority to conduct the further proceedings which "routinely follow an overruling of objections" and lead to a trial upon exceptions to finally determine damages to the landowners. *Id.* The proceeding below to reconsider the objections of the landowners is not such a proceeding.

The Court of Appeals is directed to set aside its order dismissing condemnees' appeal and is further directed to issue its writ to the Knox Circuit Court to set aside its order purporting to vacate the condemna-

tion order and entering judgment in favor of condemnees.

The separate appeal by William and Marilyn Squires of a like order of condemnation acquired by I & M which had been consolidated with this appeal was dismissed during Supreme Court jurisdiction.

The cause is remanded to the Court of Appeals for further proceedings not inconsistent with this opinion.

HUNTER and PRENTICE, JJ., concur.

PIVARNIK, J., concurs in result.

GIVAN, C.J., dissents without opinion.