Anthony WILSON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 4–784A201.

Court of Appeals of Indiana,
Fourth District.

Dec. 26, 1984.

Jack R. Shields, Batesville, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Richard A. Alford, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Presiding Judge.

Anthony Wilson is before this court again after having been retried upon convictions we reversed in *Wilson v. State* (1983), Ind.App., 453 N.E.2d 340, because the trial court erroneously denied Wilson's request for a jury trial. In the instant appeal, Wilson propounds three errors he contends require us to reverse the jury verdict herein for driving while intoxicated. We find that one issue is sufficient to reverse Wilson's conviction: the trial court erred in denying Wilson's motion for change of judge, on the basis of alleged bias and prejudice, without a hearing. We reverse and remand.

## FACTS

On December 6, 1982, the trial judge, at a trial to the bench, found Wilson guilty of unsafe lane movement and driving while intoxicated. On September 7, 1983, this court, by its First District, reversed the convictions upon determining the trial court had improperly denied Wilson his right to jury trial. *See Wilson v. State, supra,* 453 N.E.2d 340. Only five days after we rendered our decision, the trial court set the case for a new trial, this time by jury, on September 12. On September 15, Wilson filed a verified motion for change of venue from the judge, which motion alleged bias and prejudice in the following terms:

"1. On December 6, 1982 affiant appeared before the Hon. Harlan H. Hoffman, Judge of the Dearborn County Court, for trial on charges of Transporting Alcoholic Beverages, Unsafe Lane Movement and Driving While Intoxicated.

2. Affiant was found guilty by the Hon. Harlan H. Hoffman of Unsafe Lane Movement and Driving While Intoxicated, and not guilty of Transporting Alcoholic Beverages.

3. Affiant appealed the convictions of Unsafe Lane Movement and Driving While Intoxicated, and on September 7, 1983 the Court of Appeals of Indiana, First District, reversed said convictions and granted affiant a new trial.

4. The Hon. Harlan H. Hoffman has heard the evidence herein and concluded beyond a reasonable doubt that affiant is guilty of Unsafe Lane Movement and Driving While Intoxicated, and therefore,

the Hon. Harlan H. Hoffman is biased and prejudiced against affiant.

5. Affiant is unable to obtain a fair trial due to the conclusions already reached by the Hon. Harlan H. Hoffman and accordingly, a Special Judge should be appointed to preside at the new trial of affiant.

WHEREFORE, Anthony H. Wilson respectfully prays the Court for an order granting this motion for change of venue from the Judge and for all other just and proper relief in the premises."

Record, p. 6. The judge denied the motion on October 4, but there is no evidence in the record that any hearing was ever held on the matter.

The court reset the trial date on October 13, and on December 14, Wilson renewed his motion for change of judge, incorporating the allegations of his first motion and appending as additional proof a November 4 motion by the prosecutor to dismiss the drunk driving charge for lack of prosecutorial merit, which motion the trial court had evidently never addressed:

"I, Anthony Wilson, state under oath that:

1. I timely filed my Motion for Change of Judge in this Cause after this case was remanded on appeal.

2. That Motion was denied.

3. The Prosecutor in this case has moved for dismissal of the D.W.I. charge against me. Exhibit A and B.

4. My attorney assured me that the original of this Motion was delivered to the Court for signature.

5. The pre-trial conference was held on November 29, 1983, at 2:00 P.M. My counsel advised me that at the conference the Prosecutor requested that the Court sign the dismissal.

6. The Court has now set my case for trial on January 23, 1984, after all parties agreed to the dismissal of the D.W.I. charge.

7. I restate all my allegations from my original Motion as if set out in full."

The trial court's response two days later to Wilson's renewed motion for change of venue was the following:

"WHEREAS, the defendant filed a Renewed Motion for Change of Judge herein on December 14, 1983, the Court shall rule upon such upon the expiration of thirty days from the date of said filing *without hearing argument unless such is specifically requested in writing before said time.*"

Record, p. 15 (Emphasis added). The court then denied Wilson's second motion for change of venue on February 13, 1984, again without a hearing.

On that same February 13, the case proceeded to trial to the jury, which rendered a guilty verdict against Wilson for the offense of driving while intoxicated but a not guilty decision for unsafe lane movement. The court sentenced Wilson to ten days, suspended, and a $150 fine and ordered Wilson's license be restricted and that he attend an alcohol education program. This appeal ensued.

## DECISION

■ We must first address a jurisdictional problem apparent on the record. The trial court first set the matter for retrial on September 12, 1983, only five days after our original decision. He had no jurisdiction to do so because our opinion had not yet been certified and thereby spread of record. *See Clapper v. Bailey* (1858), 10 Ind. 160; IND.CODE 33–15–1–5. Certification could not occur until "expiration of the time within which a petition for a rehearing may be filed and a petition for transfer may be filed." Ind.Rules of Procedure, Appellate Rule 15(B). In this case, we take judicial notice of the fact that the clerk of the supreme court did not issue certification of our opinion until October 12, 1983. Thus, the trial court, without jurisdiction, both set this cause for trial on September 12 and denied Wilson's first motion for change of venue on October 4. This was error. *See also Coulson v. Indiana & Michigan Electric Co.* (1984), Ind., 471 N.E.2d 278. The court did properly reset

the trial on October 13, but failed to properly rule at any time on Wilson's first motion for change of judge. We deem that motion to have remained pending and subsequently amended by Wilson's second motion. Regardless, we will proceed to treat both motions as having been improperly denied without hearing.

 The major point in Wilson's appellate argument to which we address ourselves is that the trial court erred in denying both of Wilson's motions for change of venue from the judge without affording him a hearing. After considering the language of Ind.Rules of Procedure, Criminal Rule 12, and the relevant case law, we decide that the court failed to employ the proper mandatory procedure in denying the motions without such hearing.[1]

 The language of C.R. 12 provides the solution to the problem here. This rule states in pertinent part:

"In any criminal action, a motion for change of judge or change of venue from the county shall be verified or accompanied by an affidavit signed by the Criminal Defendant or the Prosecuting Attor-

ney setting forth facts in support of the statutory basis or bases for the change. Any opposing party shall have the right to file counter-affidavits within ten [10] days, and *after a hearing on the motion,* the ruling of the court may be reviewed only for abuse of discretion.

In any criminal action, no change of judge or change of venue from the county shall be granted except within the time herein provided.

An application for a change of judge or change of venue from the county shall be filed within ten [10] days after a plea of not guilty, or if a date less than ten [10] days from the date of said plea, the case is set for trial, the application shall be filed within five [5] days after setting the case for trial. Provided, that where a cause is remanded for a new trial by the Supreme Court, such application must be filed not later than ten [10] days after the party has knowledge that the cause is ready to be set for trial.

Provided, however, that if the applicant first obtains knowledge of the cause for change of venue from the judge or

---

1. The State argues that Wilson waived any consideration of this issue because he did not raise it until the instant appeal. The State then directs us to cases whereby defendants' arguments have been waived for improper objection at trial. *See Brown v. State* (1981), 275 Ind. 441, 417 N.E.2d 333; *Phelan v. State* (1980), 273 Ind. 542, 406 N.E.2d 237. These cases fail to address the problem as it exists here where Wilson could only raise the issue by proper motion to the court. *See* Ind.Rules of Procedure, Criminal Rule 12. Both Wilson's motions were denied, and it would appear to be superfluous to again make some sort of formal objection to such at trial. The waiver question thus devolves upon the determination of whether Wilson waived this issue by failing to specifically raise it in his motion to correct error. We think not.

In his motion to correct error, Wilson promulgated one issue with respect to the denial of his motions on the basis of IND.CODE 35–36–6–1(c) (1983);

"In any criminal action, either the state or the defendant is entitled as a substantive right to a change of venue from the judge upon the same grounds and in the same manner as a change of venue from the judge is allowed in civil actions."

Any specific premise for this argument is not clear so it would appear that Wilson preserved

his error as a general approbation of the court's action. Such general citation to error is, we believe, sufficient for us to address a more specific issue within that broad allegation. *See Webb v. State* (1983), Ind., 453 N.E.2d 180, *cert. denied* (1984), —— U.S. ——, 104 S.Ct. 1449, 79 L.Ed.2d 767 (speedy trial issues). Regardless, we have long adhered to the principle that if an error appears on the record, which error denied a defendant a fair trial, that error is not waived for failure to preserve it in a motion to correct error. *Groce v. State* (1968), 250 Ind. 582, 236 N.E.2d 597; *Hayden v. State* (1964), 245 Ind. 591, 199 N.E.2d 102, *cert. denied* (1966), 384 U.S. 1013, 86 S.Ct. 1926, 16 L.Ed.2d 1034. The right to a change of judge is just such error: "In order to aid in acquiring *a fair trial,* the State of Indiana has seen fit to grant the State and the accused the right to a change of judge." *State ex rel. Knox v. Shelby County Superior Court* (1972), 259 Ind. 554, 290 N.E.2d 57, 59 (emphasis added); *Baniszewski v. State* (1970), 256 Ind. 1, 261 N.E.2d 359. Thus, Wilson did not waive this issue. (This issue should not be confused with the waivable venue right to be tried in the county where the offense was committed. *See, e.g., Martin v. State* (1966), 247 Ind. 592, 219 N.E.2d 902.)

from the county after the time above limited, he may file the application, which shall be verified by the party himself specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence. Any opposing party shall have the right to file counter-affidavits on such issue within ten [10] days and *after a hearing on the motion,* the ruling of the court may be reviewed only for abuse of discretion...."

(Emphasis added.) Wilson's two motions, being filed at different times, fall under two separate sections of C.R. 12 with regard to procedural timeliness. His first motion, filed only eight days after this court rendered its decision, adhered to the requirements that it be verified, set forth facts of the statutory ground of bias and prejudice (IND.CODE 35–36–5–2), and was unquestionably filed in a timely fashion. ("Provided, that where a cause is remanded for a new trial by the Supreme Court, such application must be filed not later than ten days after the party has knowledge that the cause is ready to be set for trial." C.R. 12) The second motion, which presented new evidence of the judge's alleged prejudice and bias, was filed outside the normal temporal limits of a motion for change of judge and falls within the provision allowing for such motions when "the applicant first obtains knowledge of the cause for change of venue from the judge ... after the time above limited ...." *Id.* It too properly alleged "when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence." *Id.* We thus conclude these motions were not denied without a hearing because of

facial irregularities. *See, e.g., Franks v. State* (1973), 261 Ind. 315, 302 N.E.2d 767.[2]

▮ Having otherwise determined that Wilson's motions were properly made, we turn now to the judge's responsibilities thereto. Particularly, what effect do we give to the terms "and *after a hearing on the motion,* the ruling of the court may be reviewed only for abuse of discretion"? *Id.* We read C.R. 12 here and our pertinent case law as interpreting this language into a mandatory procedural hearing as prerequisite to a denial of any such motions.

It has long been the general rule in Indiana that a properly executed motion for change of venue,

> "should not be *arbitrarily denied* without affording the defendant an opportunity to bolster the credibility of such with supporting testimony."

*Brown v. State* (1969), 252 Ind. 161, 247 N.E.2d 76, 83 (emphasis in original); *Mendez v. State* (1977), 267 Ind. 309, 370 N.E.2d 323. Most of the Indiana cases adhering to this principle have declared that this opportunity to support the motion can be fulfilled by "affording the petitioner *a hearing or other opportunity* to support his application with additional evidence." *Hanrahan v. State* (1968), 251 Ind. 325, 241 N.E.2d 143, 148 (county); *Bradberry v. State* (1974), 160 Ind.App. 202, 311 N.E.2d 437 (judge); *Millican v. State* (1973), 157 Ind.App. 363, 300 N.E.2d 359 (judge); *Knight v. State* (1973), 155 Ind.App. 680, 294 N.E.2d 158 (county); Thus, it would appear from these cases that some procedure other than a hearing will fulfill the mandate of C.R. 12. This view is incorrect.

The four cases cited above, *Hanrahan, Bradberry, Millican,* and *Knight,* all relied on language in the rule as it existed at that time:

---

**2.** There may be some problem with specificity in Wilson's second motion if we interpret literally C.R. 12 that it must allege "why such cause could not have been discovered before by the exercise of due diligence." Wilson's motion does not so particularly allege, but the face of the motion clearly reveals the dates upon which

Wilson discovered the problem. Because of the lack of greater illumination on the problem and because the rule of law we pronounce below is applicable to both provisions in C.R. 12, we assume this second motion was properly filed too.

"Upon the filing of a properly verified application, a change of venue from the county shall be granted in all cases punishable by death and may be granted in all other cases when in the court's discretion cause for such change is shown to exist *after such hearing or upon such other proof as the court may require.*"

Ind.Rules of Procedure, Criminal Rule 12 (Burns 1973) (Emphasis added.) Supreme Court Rule 1–12C (Burns 1967 Repl.). The then-existent rule required that a court exercise some sort of procedure to give a defendant the opportunity to present proof of a cause for change of venue. Today, no option exists other than a hearing:

> "*after a hearing* on the motion, the ruling of this court may be reviewed only for abuse of discretion."

C.R. 12. This phrase is found in both pertinent sections of C.R. 12 at issue here. All indication that any other procedure is available, as found in the older versions of the rule, has been deleted, and all that remains is the phrase "after a hearing," as engrafted from "after such hearing." If the latter language, in conjunction with other options, was deemed mandatory by case law, we believe this same language, "after a hearing," is similarly mandatory, in reliance upon that same case law.

We also find support for this interpretation of C.R. 12 in a recent case dealing with language found in Ind.Rules of Procedure, Trial Rule 56. In *Otte v. Tessman* (1981), Ind., 426 N.E.2d 660, our supreme court found the following language mandated a hearing on summary judgment *as fixed by the court:*

> "The motion shall be served at least ten (10) days *before the time fixed for the hearing.*"

T.R. 56(C). The supreme court then went on to declare it was the court's duty to set such hearing and further, that the defend-

ant party had a right to rely on the court's setting the hearing without any action on his or her part. We believe the language of C.R. 12, the case law interpreting the older versions, and the general proposition in *Brown v. State, supra,* 252 Ind. 161, 247 N.E.2d 76; *Mendez v. State, supra,* 267 Ind. 309, 370 N.E.2d 323, make it apparent that the court here had a duty to hold a hearing. He failed to do anything with regard to the first motion, and only offered to hear arguments on the second one at a party's request.[3] We believe that a C.R. 12 motion, like T.R. 56 in *Otte v. Tessman, is* the request triggering the fixing of a hearing; the trial court may not wait for a party to lodge an additional request. A C.R. 12 hearing is mandatory and may not be rendered naught for the court's convenience in a summary disposition. The court's actions here were reversible error. *See also Simpson v. State* (1975), 164 Ind. App. 307, 328 N.E.2d 462 (change of venue from county: "it is apparent ... that a hearing, *sufficient to satisfy the requirements of Indiana law,* was in fact held." *Id.* 328 N.E.2d at 464); *cf. Franks v. State, supra,* 261 Ind. 315, 302 N.E.2d 767 (change of venue; reversible error); *Spugnardi v. State* (1976), 171 Ind.App. 272, 356 N.E.2d 1199 (reversible error).

Two supreme and appellate court cases seem in apparent conflict with the principle we have set forth, but they are easily distinguishable. In *Stacks v. State* (1978), 175 Ind.App. 525, 372 N.E.2d 1201, the court of appeals ruled that a hearing was not required on a motion for change of venue from judge made pursuant to the provision in C.R. 12 for filing after the ordinary deadlines, as in Wilson's second motion here. However, again C.R. 12 differs today from what it did in 1978 when *Stacks* was decided. Ind.Rules of Procedure, Criminal Rule 12 (1978), included the following in the pertinent proviso:

---

**3.** We can also reasonably decide that the court's offer of a "hearing argument" was not even the offer of a proper hearing at all. We have defined "hearing" to mean "a proceeding of relative formality held in order to determine issues of fact or law in which evidence is presented and witnesses of fact or law are heard." *Hunt v. Shettle* (1983), Ind.App., 452 N.E.2d 1045, 1050; *City of Anderson v. State ex rel. Page* (1979), Ind.App., 397 N.E.2d 615. We do not believe "hearing arguments" is the equivalent to an evidentiary hearing on a motion for change of venue.

"Any opposing party shall have the right to file counter-affidavits on such issue within ten [10] days, and the ruling of the court may be reviewed only for abuse of discretion."

This same sentence *now* reads:

"Any opposing party shall have the right to file counter-affidavits on such issue within ten [10] days, and *after a hearing on the motion,* the ruling of the court may be reviewed only for abuse of discretion."

C.R. 12 (emphasis added). The mandatory language has been added since *Stacks* was decided, and we thus find that case inapplicable here.

The other conflicting case is *Linder v. State* (1983), Ind., 456 N.E.2d 400. In that case, the defendant filed a second motion for change of venue on the basis of the provision for newly discovered grounds because of allegedly prejudicial newspaper articles, which had appeared during a recess after the jury had been selected but before the presentation of evidence. The trial court denied this motion without a hearing. The supreme court upheld this ruling, but we believe its opinion is easily distinguished. In *Linder,* the defendant merely argued that *Hanrahan v. State, supra,* 251 Ind. 325, 241 N.E.2d 143, was applicable. The supreme court, addressing the issue within these restricted limits, instructed that *Hanrahan* stands for the proposition that only an *opportunity* to present evidence is required, not a hearing. It then ruled that Linder's motion was properly denied because he had been given the opportunity to present the articles (even if he did not do so) and that the trial

court had polled the jury. As we noted above, *Hanrahan* is today necessarily limited by the new language in C.R. 12, but because Linder did not argue C.R. 12 on appeal, the supreme court did not address the rule. We thus find *Linder* unpersuasive.

Wilson has brought forward no arguments attacking the sufficiency of the evidence supporting his jury verdict;[4] therefore we are compelled to not only reverse but to also remand for a new trial on the charge of driving while intoxicated.

Reversed and remanded.

CONOVER and YOUNG, JJ., concur.

---

4. Wilson's other two issues are as follows:
 "Did Officer Parker have sufficient specific articulable facts to reasonably warrant a suspicion of unlawful conduct on the part of the defendant as required to stop defendant's vehicle?
 Did the Trial Court error [sic] by denying the defendant his right to cross-examine Trooper Parker concerning the possible causes of erroneous breathalizer results?"
 Only the first issue arguably attacks the sufficiency of the evidence inasmuch as if the police officer improperly stopped Wilson's car, he argues, "all evidence obtained as a result thereof should be suppressed as fruit of the poisonous

tree. *Taylor v. State* (1984), No. 4–583 A 134 decided June 21, 1984, [464 N.E.2d 1333] by the 4 District Court of Appeals." Appellant's Brief, p. 14. Wilson obviously does not argue that if this evidence is suppressed there would be insufficient evidence to convict. Regardless, we have found no motion to suppress was filed, and when asked prior to trial whether he had any motions, Wilson's counsel said "no." Record, pp. 58–59. In addition, no objection was made to any of Officer Parker's trial testimony on this basis. In the absence of any pertinent objection, Wilson effectively waived any arguments regarding this issue. *See Bray v. State* (1982), Ind., 430 N.E.2d 1162.