**Joseph G. EVERROAD, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 73A05–9605–PC–194.**

Court of Appeals of Indiana.

April 21, 1997.

Rehearing Denied May 28, 1997.

Transfer Denied July 16, 1997.

Joseph G. Everroad, Michigan City, Pro Se.

Pamela Carter, Attorney General, Michael K. Ausbrook, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

BARTEAU, Judge.

Joseph G. Everroad appeals from the summary denial of his successive petition for post-conviction relief. We reverse.

Indiana Post–Conviction Rule 1, Section 12 provides:

(a) A petitioner may request a second, or successive, Petition for Post–Conviction Relief by completing a properly and legibly completed Successive Post–Conviction Relief Rule 1 Petition Form in substantial compliance with the form appended to this Rule. Both the Successive Post–Conviction Relief Rule 1 Petition Form and the proposed successive petition for post-conviction relief shall be sent to the Clerk of the Indiana Supreme Court, Indiana Court of Appeals, and Tax Court.

(b) If the pleadings conclusively show that the petitioner is entitled to no relief, the court will decline to authorize the filing of the petition.

(c) Otherwise, the court will (1) authorize the petition to be filed in the court where the petitioner's first post-conviction relief petition was adjudicated **for a hearing on the issues presented in the petition,** to be heard by the same judge if that judge is available, and (2) refer the petition to the State Public Defender, who may represent the petitioner as provided in Section 9(a) of this Rule. [emphasis added]

Everroad followed the procedure outlined above to request authorization to file a suc-

cessive petition for post-conviction relief and this court issued an order granting Everroad authority to file his successive petition. That order directed the Clerk of the Shelby Superior Court to accept the filing of Everroad's successive petition for post-conviction relief and to refer the petition to the same judge who heard the original petition or the present judge of that court for "a hearing on the issues presented by the Petition and to enter judgment thereon." R. 18. The petition was filed with the Shelby Superior Court. The State responded to the petition with a request that it be summarily denied asserting that even if the newly discovered evidence presented in Everroad's petition was taken as true, the evidence would be inadmissible and therefore could not form the basis for a new trial. The post-conviction court summarily denied Everroad's petition.

■ Everroad contends that the post-conviction court's summary denial was improper in light of the language in both Section 12 and this court's order that upon authorization to file the successive petition, the matter was to be set for a "hearing on the issues presented." P–C.R. 1, § 12(c); R. 18. We agree. Unlike other sections of Post–Conviction Rule 1, which authorize summary denial of a petition, Section 12(c) clearly states that once authority to file a successive petition is granted, the petition is to be forwarded to the post-conviction court for a hearing. *Compare* P–C.R. 1, § 4(f), (g) *with* P–C.R. 1, § 12(c). When a rule provides for a mandatory procedural hearing on a motion or petition, the hearing is a prerequisite to denial of the motion or petition. *Rumfelt v. Himes,* 438 N.E.2d 980 (Ind.1982) (reversible error to fail to hold hearing when requirement for a hearing is clear); *Otte v. Tessman,* 426 N.E.2d 660 (Ind.1981) (language requiring service at least ten days "before the time fixed for the hearing" made hearing on summary judgment mandatory); *Wilson v. State,* 472 N.E.2d 932 (Ind.Ct.App.1984) ("after a hearing on the motion" language created duty on the part of the trial court to hold a hearing). Pursuant to the provisions of Post–Conviction Rule 1, Section 12(c), this court authorized filing of Everroad's petition and directed it to the post-conviction court for a hearing. Because the hearing on Ever-

road's petition for post-conviction relief was a prerequisite to a ruling on the merits by the post-conviction court, we reverse and remand for the mandatory hearing.

SHARPNACK, C.J., and RILEY, J., concur.