WENDELL SIDNEY MEYERS *v*. STATE OF INDIANA.

(No. 976S291. Filed July 13, 1977.)

*Stephen M. Sherman,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *David T. O'Malia,* Deputy Attorney General, for appellee.

DeBruler, J.—Appellant was convicted of commission of a felony (robbery) while armed, Ind. Code § 35-12-1-1 (Burns 1975), and sentenced to a determinate twelve year term of imprisonment. He appeals, raising two allegations of error:

(1) that the trial court should have granted his motion for change of judge; and (2) that the evidence supporting his conviction is insufficient.

## I.

Appellant was subject to the jurisdiction of the Marion County Juvenile Court, which jurisdiction was waived, and appellant was charged by information filed in the criminal court on February 17, 1976. Appellant appeared before the criminal court initially on February 19, and a public defender was appointed to represent him. On March 2, appellant filed a written motion for change of judge, which was denied. Appellant argues that the trial court may not deny an application for change of judge filed within the time limits of the third paragraph of Ind. R.Crim. P. 12. Appellant is correct. *State ex rel. Benjamin* v. *Criminal Court of Marion County,* (1976) 264 Ind. 191, 341 N.E.2d 495.

The State, however, alleges that appellant's motion was not timely. The State sought and obtained a writ of certiorari, pursuant to which the trial court transmitted a supplemental record consisting of an order book entry reciting that appellant's plea of not guilty was offered at his initial appearance on February 19. A transcript of appellant's February 19

appearance is also included. Appellant has not contended that the submission of the supplemental record was not proper under Ind. R.Ap. P. 7.2(C). We must therefore accept the record recital that appellant plead not guilty February 19. Criminal Rule 12 required appellant to apply within ten days of his plea. We take notice that these ten days expired on February 29, 1976, a Sunday, making appellant's motion due no later than Monday, March 1. Ind. R.Tr. P. 6(A). Therefore appellant's application for change of judge was not timely filed and was not required to be granted unless it satisfied the fourth paragraph of Criminal Rule 12, which allows a party obtaining knowledge of a cause after the ten day period to file a verified application specifying the cause and certain other facts. Appellant's application is unverified and contains none of the required allegations; it therefore does not comply with Criminal Rule 12, and the trial court properly denied it.

## II.

It is undisputed that on January 27, 1976, appellant and one Richard Winn entered an Indianapolis retail bakery. Winn brandished what appeared to be a revolver, and appellant took fifty-five dollars from the cash register. The bakery cashier identified appellant and a photograph taken by a hidden camera showed appellant in the bakery. A detective testified that appellant, after he and his mother were warned of and waived appellant's *Lewis* rights, admitted entering the store with Winn and removing the money from the register.

Appellant does not deny his physical presence and participation in the robbery, but urges that the State failed to prove beyond a reasonable doubt that he was a willing participant in the offense. Appellant denied foreknowledge of Winn's intentions, and testified that when Winn pulled the gun and commanded him to take the money, he did so from fear. Winn testified that he robbed the bakery with a toy or blank gun and that appellant had no notice of his intent to do so, but only took the money on Winn's

command. Winn had previously been adjudicated delinquent in juvenile court on the basis of this robbery. The trial court could reasonably disbelieve this testimony and infer that appellant's participation in the robbery was voluntary. The much repeated maxim that a reviewing court will not weigh evidence or resolve credibility questions means that the reviewing court will not second-guess the trier of fact's choice between reasonable interpretations of the evidence. "It is only when we can say that no reasonable man could find the evidence had proved an accused guilty beyond a reasonable doubt that we can say that the evidence was insufficient, as a matter of law." *Serrano* v. *State*, (1977) 266 Ind. 126, 360 N.E.2d 1257, 1262.

Appellant emphasizes that Winn, who actually carried the revolver, was adjudicated delinquent and placed on probation within the juvenile court system. He characterizes this as a denial of equal treatment under the law. The fact that one participant in a crime is retained within the juvenile system while another participant in the same crime is subjected to criminal sanctions infringes no right possessed by the latter participant. Each participant in a crime subjects himself to its penalty. Our Legislature has elected to exempt certain juvenile offenders from adult criminal sanctions in the belief that the public interest will be better served by their rehabilitation within the juvenile court system. The gravity of the criminal activity is only one of the factors identified by the Legislature as criteria for the decision to retain or waive juvenile court jurisdiction. There is no indication that appellant and Winn were equally circumstanced with regard to any other criterion for selection of those juveniles to be waived to criminal court.

## III.

Finally, we take note of a matter mentioned by appellant but not relied upon as reversible error. During the examina-

tion of Richard Winn, the trial court warned the witness against committing perjury. Thereafter the court twice requested that the deputy prosecutor examine Winn's testimony and determine whether a charge of perjury should be brought against Winn. This was improper. It is the function of the prosecuting attorney, not the court, to investigate crimes and bring criminal charges. The practice of the court threatening a witness with perjury charges during trial poses unnecessary dangers to the integrity of the trial and to public respect for the courts even in non-jury trials such as appellant's. A witness may be intimidated so as to be unable to give evidence effectively. *State* v. *Lawrence*, (1954) 162 Ohio St. 412, 123 N.E.2d 271. The impression may be given that the judge has not heard the matter in a fair and impartial manner, demeaning the public image of the judiciary. See *Dixon* v. *State*, (1972) 154 Ind. App. 603, 290 N.E.2d 731. In this case Winn probably was not deterred from giving his testimony, since the damaging perjury threats were made after the conclusion of his testimony, and we cannot find that the trial court's remarks exhibited such prejudice against appellant or his defense as to deny appellant a fair trial. See *Owens* v. *State*, (1971) 255 Ind. 693, 266 N.E.2d 612. We strongly recommend, however, that trial courts avoid such remarks.

Appellant's conviction of commission of a felony while armed is affirmed.

Givan, C.J., Hunter, Prentice, and Pivarnik, JJ., concur.

NOTE.—Reported 364 N.E.2d 760.