ANTHONY J. PONZO *v.* STATE OF INDIANA

[No. 1-877A203. Filed April 19, 1978.]

*Harriette Bailey Conn, (Mrs.),* Public Defender of Indiana, *David P. Freund,* Deputy Public Defender, *Bobby Jay Small,* Deputy Public Defender, *Robert W. Hammerle,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum,* Deputy Attorney General, for appellee.

LYBROOK, P.J. — Appellant Anthony J. Ponzo brings this appeal from a conviction by jury of entering to commit a felony. As the sole issue presented for review Ponzo asserts that the trial court erred in denying his Motion for Change of Venue from the Judge without first granting an evidentiary hearing.

Facts pertinent to our consideration are as follows: On December 29, 1976, Ponzo pleaded not guilty to the charge of Second Degree Burglary, and the trial court set February 24, 1977, as the trial date. On February 24, 1977, he appeared with new counsel and sought a continuance which was granted and a new trial date was set. At that time, appellant also filed a verified Motion for Change of Venue from the

Judge which was summarily overruled by the trial court based upon the fact that the cause had previously been assigned for trial on that same date, and a verified Motion for Change of Venue from the County which the trial court set for hearing on March 3, 1977. The Motion for Change of Venue from the County was later denied. Trial was held on April 21-22, 1977, and Ponzo was convicted of entering to commit a felony, with judgment being entered on May 3, 1977.

Ponzo argues that it was reversible error for the trial court to deny his properly verified and filed Motion for Change of Venue from the Judge without first giving him the opportunity to support his motion in an evidentiary hearing.

Indiana Rules of Procedure, Criminal Rule 12 sets forth the following requirements for changing venue in criminal cases:

### "CHANGE OF VENUE IN. CRIMINAL CASES

In all cases where the venue of a criminal action may now be changed from the judge, such change shall be granted upon the execution and filing of an unverified application therefor by the state of Indiana or by the defendant. Upon the filing of a properly verified application, a change of venue from the county shall be granted in all cases punishable by death and may be granted in all other cases when in the court's discretion cause for such change is shown to exist after such hearing or upon such other proof as the court may require. Provided, however, that the state of Indiana or the defendant shall be entitled to only one [1] change from the judge and the defendant shall be entitled to only one [1] change from the county.

*In any criminal action, no change of judge or change of venue from the county shall be granted except within the time herein provided.*

*An application for a change of judge or change of venue from the county shall be filed within ten [10] days after a plea of not guilty,* or if a date less than ten [10] days from the date of said plea, the case is set for trial, the application shall be filed within five [5] days after setting the case for trial. Provided, that where a cause is remanded for a new trial by the Supreme Court, such application must be filed not later than ten [10] days after the party has knowledge that the cause is ready to be set for trial.

*Provided, however, that if the applicant first obtains knowledge*

*of the cause for change of venue from the judge or from the county after the time above limited, he may file the application, which shall be verified by the party himself specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence.* Any opposing party shall have the right to file counter-affidavits on such issue within ten [10] days, and the ruling of the court may be reviewed only for abuse of discretion. All pleadings, papers and affidavits filed at any hearing held pursuant to this rule shall become a part of the record without further action upon the part of either party.

Whenever in a criminal action an application for a change of judge has been timely filed and granted, a special judge shall be selected in the same manner as in Rule 13. . . ." (Emphasis added).

Under Criminal Rule 12, an application for change of judge is to be filed within ten days after a plea of not guilty, except subsequent applications may be filed where the defendant obtains knowledge of the grounds for the change after the original time has elapsed. The ruling of the trial court on the belated motion may be reviewed only for an abuse of discretion.

Here, Ponzo failed to file his Motion for Change of Venue from the Judge and for Change of Venue from the County until the original date of trial which was some fifty-seven days after he pleaded not guilty, and forty-seven days in excess of the ten-day rule enunciated in CR. 12, above. Appellant asserted in his affidavits in support of the two motions that his failure to comply with the ten day requirement was excusable in that he was unaware that he had reasons for a change of venue until he met with his new attorney on February 23, 1977.

In *Meyers v. State* (1977), 266 Ind. 513, 364 N.E.2d 760, the Indiana Supreme Court declined to find an abuse of trial court discretion where the defendant failed to file a *verified* application specifying the cause for a belated motion for change of venue under CR. 12. Unlike the *Meyers* case, Ponzo tendered a verified motion and affidavit specifically alleging when the cause was discovered, the facts showing the reason the request was being made and why it could not have been discovered before by the exercise of due diligence, all in compliance with CR. 12. Appellant contends that he was improperly

denied a hearing or any opportunity to present evidence before the trial court overruled the motion. We agree.

In *Hanrahan v. State* (1968), 251 Ind. 325, 241 N.E.2d 143, the Indiana Supreme Court stated:

"The verified application, until refuted by the prosecution, stands as the only evidence upon which the court can base its decision. *If the application states a cause for which a change of venue should be granted, then the necessity for a change of venue has been prima facie established:* It is of course within the discretion of the trial court to question the credibility of an application whose veracity has been attacked by the prosecution. *It may also be within the court's discretion to question the credibility of an uncontroverted application, but this should be done only after affording the petitioner a hearing or other opportunity to support his application with additional evidence.*

*We hold that to deny an uncontroverted, verified application for change of venue without affording petitioner some opportunity to present additional evidence in support of said application is an abuse of discretion by the trial court, and that such a denial in this case constitutes reversible error.* It should be noted that this holding does not require a refutation by the prosecution in all cases before the trial court can overrule a verified application for a change of venue; the credibility of the application can be questioned even absent such a refutation. But where the credibility of an uncontroverted verified application is to be the sole basis for the denial, the petitioner should be allowed a hearing or other opportunity to bolster his credibility with supporting evidence." (Emphasis added).

This court considered the language from *Hanrahan, supra,* in the case of *Millican v. State* (1973), 157 Ind. App. 363, 300 N.E.2d 359, where Judge Lowdermilk wrote:

"On the basis of *Hanrahan, supra,* Millican should have, at the very least, been afforded a hearing or an opportunity to present evidence on his motion. However, in *Beck v. State* (1961), 241 Ind. 231, 171 N.E.2d 696, our Supreme Court seems to imply that even more strict standards apply when an appellant's motion is for change of judge rather than change of county. In that case Beck filed a late affidavit for change of judge, alleging recently discovered facts indicating bias and prejudice of the judge. Despite Beck's testimony at the hearing on the motion that he had gained

no knowledge of any new facts as set out in the affidavit, our Supreme Court held that the trial court erred in denying the application for change of judge."

This court reaffirmed this position in *Bradberry v. State* (1974), 160 Ind. App. 202, 311 N.E.2d 437. Therefore, we hold that the trial court erred when it denied the appellant's verified Motion for Change of Venue from the Judge without conducting a hearing thereon. The judgment of the trial court is therefore reversed and the cause is remanded with instructions to afford Ponzo the hearing and a new trial.

The judgment of the trial court is therefore reversed.

Reversed and remanded.

Robertson and Lowdermilk, JJ., concur.

NOTE—Reported at 375 N.E.2d 232.