**Junior G. RHOTON, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee.**

**No. 2–785–A–226.**

Court of Appeals of Indiana,
Second District.

April 22, 1986.

Gary W. Simmons, Elwood, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

In the Madison Superior Court three separate burglary charges and an added theft count in one of the cases were dismissed upon motion filed by the prosecuting attorney.

In this consolidated appeal, Junior G. Rhoton presents the novel contention that he was prejudiced by the State's dismissal of charges in the three unrelated cases and by the State's failure to refile those charges. It is Rhoton's contention that had he been permitted to confront the accusers in a trial or trials upon those charges, he would have been able to so reflect upon their credibility as to affect the outcome of other cases in which those persons testified against him and which resulted in conviction.

We perceive Rhoton's allegation of prejudice to be so conjectural as to be wholly spurious.

■ In any event, I.C. 35–34–1–13 (West's Ann.Code Supp.1985) requires the court to order such dismissal upon motion of the prosecuting attorney. *Swinehart v. State* (1978) 268 Ind. 460, 376 N.E.2d 486; *Hughes v. State* (1985) 1st Dist.Ind.App., 473 N.E.2d 630. The mandatory aspect of the provision is not, as asserted by Rhoton, conditioned upon any contemplation or assurance that the charges be refiled. To declare such a condition would clearly impinge upon the sole prerogative of the prosecutor. *Meyers v. State* (1977) 266 Ind. 513, 364 N.E.2d 760; *State ex rel. Spencer v. Criminal Court of Marion County* (1938) 214 Ind. 551, 15 N.E.2d 1020; *King v. State* (1979) 2d Dist.Ind.App., 397 N.E.2d 1260.

Rhoton alleges that the motions for dismissal did not substantially comply with the requirement of I.C. 35–34–1–13 that the motion "shall state the reason for dismissal." Each of the three motions for dismissal filed by the prosecuting attorney stated that because Rhoton had been previously convicted of two burglaries and was serving two consecutive sixteen-year sentences,

no prosecutorial merit existed in the charges under consideration.

 We perceive the requirement of a statement of reason to be only for the purpose of insuring some degree of public accountability in an instance of blatant prosecutorial malfeasance. We do not view it as an invitation to the trial court to review the statement of reasons and to substitute its assessment of the wisdom of prosecution for the discretion of the prosecutor.

■ Quite clearly the statement of reasons here complies with the statutory requirement of I.C. 35–34–1–13.

The judgments of dismissal are affirmed in all three cases.

BUCHANAN, C.J., and SHIELDS, J., concur.