DeBRULER, Justice,
dissenting.
A trial court abuses its discretion when granting a motion of the State for a judicial order in a criminal prosecution if the court does not require the prosecutor to state and maintain a ground for the requested judicial order, particularly where the motion is not merely perfunctory, and the accused objects. Here, the prosecution has never stated a ground for its Motion to Withdraw Recommendation of Plea Agreement. The motion is not perfunctory because it sought a judicial order, the result of which would be to prevent the trial court from ever considering, accepting, or enforcing the prosecution’s written contract with the accused. This is so because the accused, unlike the prosecution, has no ability to file a written plea agreement with the court. I.C. § 35-35-3-3(a) (Burns 1994). Furthermore, here the defendant objected, stating that he was ready, willing, and able to fulfill his obligations under the contract, and that in objecting he was merely asking that the trial court give due consideration to the question of whether or not the contract should have binding force. The lawyer, hired by his parents at significant family *801 sacrifice, had worked tirelessly for two months ironing out the terms of the contract.
There is a valid legal source for the rule which requires a movant to state a ground for his motion. The majority opinion cites the supporting statute and court rule. “[A motion] must state the grounds upon which it is made_” I.C. § 35-35-2-l(b) (Burns 1994). “The motion shall state the grounds therefor_” Ind.Trial Rule 7(B). This requirement could be interpreted as applying solely to written motions. However, given the important interests at stake, there is good reason to require a justification for any motion, the granting of which substantially impairs the defendant’s rights.[1]
Additional support for this approach is found in the statute which governs the State’s motion to dismiss. The authority of the prosecution is nowhere greater than when deciding whether or not to maintain a criminal charge. I.C. § 35-34-1-13 provides in part:
Upon motion of the prosecuting attorney, the court shall order the dismissal of the indictment or information. The motion may be made at any time before sentencing and may be made on the record or in writing. The motion shall state the reason for dismissal.
I.C. § 35-34-l-13(a) (Burns 1994). Even when the authority of the prosecutor is at its maximum, as when seeking dismissal, cooperative conduct by a court is appropriate only where a ground is stated.
The constraint upon the procedure provided by this statute is that the prosecutor publish or announce his grounds .for dismissal. This was done in the case at bar and the court was bound to grant the motion.
Maxey v. State (1976), 265 Ind. 244, 251, 353 N.E.2d 457, 461. The requirement of a stated ground protects several important values. It is not simply a formality. A stated ground provides assurance that the court, not others, is in control of court processes. A stated ground provides assurance that a resulting order has been made upon a rational basis and is not the product of improper considerations. A stated ground, even in the case of a motion of the prosecution to dismiss a criminal charge under the above statute, removes public responsibility for the decision not to pursue an extant prosecution from the shoulders of the judicial authority and places it squarely upon the shoulders of the prose-cutorial authority. Rhoton v. State (1986), Ind.App., 491 N.E.2d 577, 578. It is to be assumed that the prosecution, in stating a ground for dismissal, will not mislead the court. In the case at bar, at a minimum, I would protect these important values by recognizing a requirement that the prosecution state and maintain a ground for a motion to withdraw a written plea agreement which it has executed and placed before a court.

. There is no need to address the question of whether a reason is required for every motion made to a court. However, even if a reason is always required, it seems obvious that for routine motions, failing to supply a reason would always be harmless error. This is not such a case.