**Phyllis HOLVOET and Maurice Holvoet, Appellants–Petitioners,**

**v.**

**STATE of Indiana and Prosecutor, Michael P. Barnes, Appellees– Respondents.**

No. 71A05–9704–CV–122.

Court of Appeals of Indiana.

Dec. 16, 1997.

Rehearing Denied March 2, 1998.

Christopher A. Toth, South Bend, for Appellants–Petitioners.

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellees–Respondents.

Stephen J. Johnson, Indiana Prosecuting Attorneys Council, Indianapolis, for Amicus Curiae.

## OPINION

BARTEAU, Judge.

Phyllis and Maurice Holvoet (Holvoets) bring this interlocutory appeal challenging the trial court's grant of a protective order limiting the scope of discovery in their civil action against Michael Barnes, the St. Joseph County Prosecutor. The Holvoets raise the following dispositive issue: Whether the protective order prohibits them from discovering facts relevant to an action to convene the grand jury pursuant to Indiana Code section 35–34–2–2?

### FACTS

The Holvoets' daughter was killed on August 25, 1990, at an Osco Drug store in South Bend, Indiana. The Holvoets were dissatisfied with Barnes' failure to charge anyone with the crime, and on August 23, 1996, they filed a petition to appoint a special prosecutor. Their petition requested, in the alternative, that the court convene a grand jury to investigate the crime.

On January 31, 1997, the Holvoets filed a request for production of documents, which stated, in relevant part, as follows:

Petitioners, pursuant to Trial Rule 34, request the Respondent Michael P. Barnes to produce and permit inspection and copying or, alternatively, to produce duplicated copies of the entire file pertaining to the investigation of the murders of Tracy Holvoet, Scott Dick, and Connie Zalewski, including but not limited to:

All written or recorded statements, correspondence, memoranda or other documents, whether signed or unsigned, transcribed or untranscribed, made by the respondent, or any representative of the respondent, and pertaining to any aspect of this litigation.

R. at 87. In response to this request, Barnes filed a motion for a protective order requesting that the investigative files relating to the crime be protected from discovery. The trial court granted Barnes' request as follows:

THIS CAUSE came before the Court for hearing on the respondent, Michael Barnes', motion for a Protective Order on plaintiffs' request for production of documents and testimony. Michael Barnes appeared in person and by counsel, Jack Krisor; the petitioners by counsel, Greg Toth. Arguments were heard and the Court now finds that plaintiff has failed to demonstrate the material relevance of the events of the investigation commonly referred to as the Osco murders in regards to this action filed by the plaintiffs against the respondent and further that said information would reasonably lead to produce relevant facts and circumstances to the pending action.

THEREFORE, the Court orders that the plaintiff and/or his agents are hereby prohibited from inquiring into the specific written or recorded statements, correspondence, memorandums [sic], notes, video tapes, still photographs, made by the respondent or any representative of the respondent in the investigation of the incident referred to as the Osco Murders.

R. at 99. The trial court also prohibited the Holvoets from deposing individuals with respect to the facts relating to the crime investigation. The Holvoets now appeal that protective order.

### STANDARD OF REVIEW

■ This Court reviews the trial court's discovery rulings for an abuse of discretion. *Indiana State Bd. of Public Welfare v. Tioga Pines*, 592 N.E.2d 1274, 1276 (Ind.Ct.App. 1992). We will reverse the trial court's ruling only where the trial court has reached an erroneous conclusion which is clearly against the logic and effect of the facts of the case. *Id.* (citing *CIGNA–INA/Aetna v. Hagerman–Shambaugh*, 473 N.E.2d 1033, 1037 (Ind.Ct. App.1985)).

### RELEVANCE OF DISCOVERY REQUEST TO REQUEST FOR GRAND JURY

The Holvoets argue that the trial court erred in granting the protective order based upon its finding that the facts surrounding the investigation were not relevant to their petition to convene a grand jury. The issue raised on appeal is limited to the relevance of the sought discovery to an action to convene the grand jury. We therefore limit our analysis accordingly.

Indiana Trial Rule 26(B) provides:

**Scope of Discovery.** Unless otherwise ordered by the court in accordance with these rules, the scope of discovery is as follows:

(1) *In General.* Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject-matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Ind. Trial Rule 26(B) (1997). Pursuant to this rule, the trial court concluded that the facts surrounding the crime investigation were not relevant to the Holvoets' cause of action, and therefore granted the protective order.

The Holvoets assert that the discovery sought is relevant to their request to convene the grand jury under Indiana Code section 35–34–2–2, which provides:

(a) A grand jury shall consist of six (6) persons, and may be impaneled by the

circuit court or a superior court with criminal jurisdiction. A grand jury shall hear and examine evidence concerning crimes and shall take action with respect to this evidence as provided by law.

(b) The court shall call the grand jury into session at the request of the prosecuting attorney. The court may also convene the grand jury without a request from the prosecuting attorney. The grand jury shall be convened by the judge issuing an order requiring the jury to meet at a time specified.

Ind.Code § 35–34–2–2 (1993). The Holvoets assert that this statute gives them the right to request that the court convene a grand jury, and that they should be allowed discovery to gain information in support of such a request.

■ We are not prepared to say that a private citizen can never, under any circumstances, request that a grand jury be convened. However, we must reject the Holvoets' contention that the cited statute creates a right of action for a private citizen to request that the court convene a grand jury, which request would presumably carry with it the right of discovery and all the other pre-trial trappings of a statutorily-authorized right of action.

■ It is well-settled that the decision whether to prosecute lies within the prosecutor's sole discretion. *Bowers v. State*, 500 N.E.2d 203, 204 (Ind.1986) (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978); *Neeley v. State*, 457 N.E.2d 532 (Ind.1983)). "It is the function of the prosecuting attorney, not the court, to investigate crimes and bring criminal charges." *Meyers v. State*, 266 Ind. 513, 517, 364 N.E.2d 760, 763 (1977). Further, our legislature has vested the prosecutor with the discretion to dismiss pending charges. *Id.; see also* Ind.Code § 35–34–1–13 ("Upon motion of the prosecuting attorney, the court shall order the dismissal of the indictment or information."). This Court cannot substitute its discretion for that of the prosecuting attorney. *Johnson v. State*, 675 N.E.2d 678, 683 (Ind.1996).

■ Further, the powers and functions of the grand jury are controlled by statute. *State ex rel. Pollard v. Criminal Court*, 263 Ind. 236, 241, 329 N.E.2d 573, 578 (1975). In Indiana, a private citizen does not have a right to appear before the grand jury and present evidence of a crime. Section 35–34–2–9 of the Indiana Code provides:

(a) Except as provided by subsection (b) of this section, no person has a right to appear as a witness before the grand jury or to present any evidence or information to the grand jury.

(b) A target of a grand jury investigation shall be given the right to testify before the grand jury, provided he signs a waiver of immunity.

Ind.Code § 35–34–2–9 (1993). In light of the broad discretion of the prosecutor as to whether to bring a charge, and the legislature's intent to limit the ability of private citizens to present evidence to a grand jury, we believe that this statutory scheme was not intended to provide a remedy for a prosecutor's failure to bring criminal charges in the form of a right of action on the part of a private citizen to convene a grand jury. Rather, the citizen's remedy for the prosecutor's failure to honestly exercise his discretion is impeachment. *Johnson*, 675 N.E.2d at 683 (citing *Lamotte v. State*, 495 N.E.2d 729, 734 (Ind.1986)).

■ Additionally, even assuming that there is a mechanism by which a private citizen may request that the trial court convene a grand jury, a citizen is not entitled to discovery of the kind sought by the Holvoets in support of such a request. There is no prerequisite showing before a grand jury may be convened. Rather, the statute provides only that the court is required to convene the grand jury at the request of the prosecutor, or that the court may do so without such a request; the statute does not set forth any standard of evidence that must be shown before the grand jury may be convened. Because there is no prerequisite showing to convene the grand jury, the facts surrounding the investigation of a crime need not be shown in order to convene the grand

jury, and they are therefore not relevant to such a request.[1]

### CONCLUSION

The statute upon which the Holvoets rely does not create a cause of action by which they may request that the court convene a grand jury. Even assuming that the Holvoets had the right to make such a request, the facts surrounding a crime investigation are not relevant to the request, and thus, are not subject to discovery. Because the discovery sought was not relevant to a request to appoint a special prosecutor, or in the alternative, to convene the grand jury, we affirm the trial court's grant of the protective order.[2]

Affirmed.

RUCKER, J., concurs.

KIRSCH, J., concurs in result.

---

1. We note that the lack of any standard that must be met in order to convene the grand jury supports our conclusion that the statute does not confer upon private citizens the right to maintain an action to request that the court convene a grand jury. It would be illogical to assume that the legislature created a cause of action for a citizen to request that the court convene a grand jury, but failed to provide any standard by which the court could determine that a citizen was entitled to a grand jury.

2. Because the Holvoets do not challenge in their Brief of Appellants the trial court's finding that the sought discovery was not relevant to an action for a special prosecutor, we do not address that issue, but accept the trial court's finding. See Roberts v. State, 599 N.E.2d 595, 600 (Ind. 1992) (stating that issues not raised or discussed in appellant's original brief cannot be presented in appellant's reply brief).