974 F.2d 1340
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Paul E. FRANKS, Petitioner/Appellant,
v.
Richard CLARK and Indiana Attorney General, Respondents/Appellees.
 No. 91-2888.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 5, 1992.*
Decided Sept. 11, 1992.
 
 Before CUDAHY and COFFEY, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Over twenty years ago the State of Indiana tried Paul Franks for murder. Before the trial began, Franks entered an unverified application for a change of the venue of his trial because of what he saw as ubiquitous bad publicity that would prevent the prospect of getting a fair trial in Wayne County. The court denied the application because it felt that the newspaper article that Franks claimed caused the bad publicity did not prevent the court from ensuring the selection of a fair and impartial jury. A jury convicted Franks and the court sentenced him to life imprisonment.
 
 
 2
 Franks appealed his conviction all the way to the Supreme Court of Indiana, where he raised one issue: "Whether it is reversible error for a trial court to summarily deny an unverified application for change of venue from the county." Franks v. State, 302 N.E.2d 767, 767 (1973). In a short opinion (four paragraphs) the court said that Indiana's rules of criminal procedure require applications for change of venue to be verified. Because Franks did not verify his application for change of venue, the court held that he "presented nothing for the trial court to consider." Id. at 768. This holding made up the sole basis for the court's denial of Franks's appeal.
 
 
 3
 Coleman v. Thompson, 111 S.Ct. 2546, 2553 (1991), says that a defendant who loses his appeal in state court because of a failure to follow state procedural rules must show cause for and be prejudiced by this failure before a federal court can consider the merits of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. Franks's only argument to the Supreme Court of Indiana was that the trial court should have granted his request for a change of venue. The court rejected this argument because Franks did not follow the proper procedure for making an application for change of venue. Franks does not offer any reason for his procedural default and none is clear from the record, so we AFFIRM the denial of his petition for a writ of habeas corpus.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs