William George SCHUMACHER, also known as, Bill Butler, Appellant,

v.

RADIOMAHA, INC., doing business as, Radio Station KCRO, Appellee.

No. 49S00–9306–CV–598.

Supreme Court of Indiana.

Aug. 24, 1993.

William F. Thompson, Indianapolis, for appellant.

Christopher E. Baker, Rubin & Levin, P.C., Indianapolis, for appellee.

GIVAN, Justice.

This appeal originally was filed in the Court of Appeals; however, because two recent appointments to that court were involved in the trial court proceeding from which this appeal arises, this Court accepted jurisdiction as per order dated June 4, 1993.

Appellee has filed a motion to dismiss the appeal or in the alternative to affirm the judgment of the trial court. Appellee takes the position that because appellant filed neither a motion to correct error nor a praecipe for appeal within 30 days after the December 13, 1990 judgment in favor of appellee, his appeal should be dismissed as not being timely filed under Ind.Trial Rule 59 and also that the motion failed to state grounds which enable the court to set aside the judgment under Ind.Trial Rule 60(B). However, appellant's appeal is not based upon the judgment rendered on December 13, 1990.

On October 1, 1991, appellant appeared by counsel and filed a motion to set aside the judgment. On January 27, 1992, the trial court granted the motion in part by setting aside the damages portion of the judgment but affirmed the liability portion of the judgment. On February 7, 1992, appellee filed a motion to reconsider the trial court's January 27, 1992 partial granting of appellant's motion to set aside the judgment. That motion was denied on March 13, 1992. On February 28, 1992, appellee filed a praecipe. On March 13, 1992, appellee filed a motion for summary judgment with respect to damages. On May 26, 1992, the record for the appeal by Radiomaha was filed. On July 8, 1992, the trial court granted summary judgment to Radiomaha in the sum of $136,489.38. This sum represented actual damages including attorney fees but did not include an award of punitive or treble damages. It is from that judgment that appellant now takes a timely appeal.

Appellant raises two issues: 1) whether the trial court had jurisdiction to act on either appellee's motion to reconsider or its motion for summary judgment; and 2) whether the trial court's entry of summary judgment on the issue of damages was contrary to law.

■ Radiomaha instituted an appeal from the trial court's judgment setting aside the amount of damages originally awarded by filing their record of proceedings on May 26, 1992. While that appeal was pending in the Court of Appeals, the lower court on July 8, 1992 granted appellee's motion for summary judgment for

compensatory damages. Once an appeal has been perfected to the Court of Appeals or the Supreme Court, the trial court has no further jurisdiction to act upon the judgment appealed from until the appeal has been terminated. *Coulson v. Indiana & Michigan Elec. Co.* (1984), Ind., 471 N.E.2d 278; *Bright v. State* (1972), 259 Ind. 495, 289 N.E.2d 128; *Kyle v. Kyle* (1991), Ind. App., 582 N.E.2d 842.

 Appellee takes the position that the jurisdictional question here is not a lack of jurisdiction of subject matter but is jurisdiction of the particular case and that by not raising that issue at the time the trial court rendered the decision appealed from, the issue has been waived. They cite *State ex rel. Dean v. Tipton Cir. Ct.* (1962), 242 Ind. 642, 181 N.E.2d 230. However, in that case, the court was addressing a factual situation wherein an original action was sought but denied where the relator sought to force a trial judge to expunge a contempt judgment and grant a change of venue. The general position taken by appellee is well documented in 7 I.L.E. *Courts* § 7. However, the cases cited there do not address themselves to the situation we have at hand.

As Justice DeBruler stated in *Coulson, supra* 471 N.E.2d at 279,

"The purpose of viewing jurisdiction in this formalistic manner is to facilitate '... the orderly presentation and disposition of appeals and [prevent] the confusing and awkward situation of having the trial and appellate courts simultaneously reviewing the correctness of the judgment.' *Donahue v. Watson* (1981), Ind. App., 413 N.E.2d 974, 976."

We again hold that the trial court does not have jurisdiction to continue with a case concerning matters from which an appeal is taken as long as that appeal is pending. We hold that the failure of appellant to object does not waive the issue; to so hold would confound the very purposes set out by Justice DeBruler in *Coulson.*

 Appellant also has raised the issue of the correctness of the amount of damages which the trial court purported to render while jurisdiction was in the Court of Appeals. However, the issues attempted to be raised by appellant are challenges to the findings of fact concerning his participation in the embezzlement of money from appellee. This Court does not inject itself into the weighing of contradictory evidence. Such is a matter for the trial court. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

Inasmuch as an unchallenged judgment against appellant is still viable in the trial court but the original damages awarded have been set aside by the trial court and its attempt to render corrected damages was made without jurisdiction of that court, we now remand this case to the trial court for further proceedings to assess damages when jurisdiction again vests in that court upon the receipt of a certified copy of this opinion.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.