DOE, John, et al., appellants
(plaintiffs below),

v.

O'CONNOR, Catherine, et al., appellees
(defendants below).

No. 49S00–0301–CV–1.

Supreme Court of Indiana.

Jan. 3, 2003.

## ORDER

Effective January 1, 2003, certain statutes require publication of convicted sex offenders' home addresses and photographs on the internet. *See* Ind.Code Ann. § 5–2–12–6 and § 36–2–13–5.5 (West Supp.2002). This information is in addition to the names and other information already available on the internet under preexisting law. As indicated in affidavits filed yesterday, the Indiana Sheriffs' Association plans to open the Sheriffs' sex and

violent offender registry web site by the afternoon of January 6, 2003. This web site will publish the photographs and home addresses that have been inputted by individual counties. In addition, the Indiana Criminal Justice Institute plans to establish a hyperlink to the Sheriffs' registry by noon, Tuesday, January 7, 2003.

Plaintiffs assert that publication of this material violates their rights under the United States Constitution, and at least two federal courts of appeal have apparently decided, with respect to statutes in other states, that publication may violate the federal constitution. Plaintiffs also assert that publication violates their rights under the Indiana Constitution. These are complicated issues and both sides have urged the Court to consider the issues presented on an expedited basis, but this appeal arose on short notice and there has not been an opportunity to fully consider the merits of plaintiffs' argument. If publication of the photographs and the home addresses takes place in the meantime, it may be impossible to contain its publication, even if it is decided that the statutes requiring publication are unconstitutional. Accordingly, as more fully discussed below, the publishing of the home addresses and photographs of offenders on the registries is enjoined until further order of the Court.

The two motions before the Court are (1) "Joint Motion of Appellees/Defendants Catherine O'Connor and James A. Herman to Transfer Appeal to the Indiana Supreme Court," and (2) "Appellants' Motion to Review and Reverse Court of Appeals' Denial of Motion to Grant Preliminary Injunction as a Stay, Pending Appeal of Trial Court's Denial of Preliminary Injunction." Both are granted as indicated below.

(1) The trial court denied plaintiffs' application for a preliminary injunction on December 30, 2002, and plaintiffs initiated this appeal the same day. Ordinarily, because this appeal is from an interlocutory order, jurisdiction over the appeal would lie in the Court of Appeals. *See* Ind. Appellate Rule 5(B). However, the rules permit parties to request that this Court accept transfer of jurisdiction under certain circumstances on an expedited basis. *See* App. R. 56(A). Here, defendants filed the request that jurisdiction be transferred to this Court, and the next day, plaintiffs notified the Court that they did not object.

█ The Court agrees to accept jurisdiction and GRANTS the "Joint Motion of Appellees/Defendants Catherine O'Connor and James A. Herman to Transfer Appeal to the Indiana Supreme Court." Jurisdiction over this appeal is hereby transferred to the Indiana Supreme Court. The trial court clerk is to assemble the Clerk's Record and file the Notice of Completion of Clerk's Record no later than January 29, 2003. The trial court is directed to take appropriate action to ensure that the work necessary to the filing of the Notice of Completion of Transcript pursuant to Appellate Rule 10(D) is completed no later than January 29, 2003. No extensions of time will be permitted absent extraordinary circumstances. The parties are to proceed under the deadlines established in Appellate Rule 45(B), and again no extension of time will be permitted absent extraordinary circumstances.

(2) Having granted defendants' motion to assume jurisdiction over the appeal, the Court treats "Appellants' Motion to Review and Reverse Court of Appeals' Denial of Motion to Grant Preliminary Injunction as a Stay, Pending Appeal of Trial Court's Denial of Preliminary Injunction," as a request for a stay of the trial court's order being appealed pending a decision on the merits of the appeal. *See* App. R. 39.

■ Plaintiffs state they sought a preliminary injunction in the trial court to prevent the implementation of the new statutory requirements, which were effective January 1, 2003, providing for publication via the internet of sex offenders' addresses and photographs. *See* Appellants' Motion to Review . . . , ¶ 1. The Court considers plaintiffs' request for a stay pending appeal to address the same matter. Specifically, plaintiffs' request for a stay, in the form of a preliminary injunction, pertains to the publication via the internet of addresses and photographs of those persons listed on the Criminal Justice Institute's sex and violent offender registry before January 1, 2003, and those listed on that registry or the Sheriffs' sex offender registry after January 1, 2003. Such a stay would maintain the status quo until the appeal can be decided on the merits.

Plaintiffs contend that publication of the information over the internet violates an individual's rights under the due process clause of the Fourteenth Amendment to the United States Constitution and violates the *ex post facto* clause of Article I, Section 10 of the United States Constitution. In addition, plaintiffs contend publication violates Article I, Section 1 and the due course of law provision of Article I, Section 12 of the Indiana Constitution. These complex issues involve numerous considerations and the balancing of various interests. At least two United States Courts of Appeal have decided that publication of information called for under the laws of other states may violate the federal constitution. *See Doe v. Dept. of Public Safety,* 271 F.3d 38 (2nd Cir.2001) (deciding that offender had a protected interest in avoiding official implication of dangerousness from inclusion in sex offender registry and a due process right to hearing to determine whether he was likely to be currently dangerous; affirming district court's injunction against disseminating information

on registry), *cert. granted* (May 5, 2002); *Doe v. Otte,* 259 F.3d 979 (9th Cir.2001) (deciding that statutes requiring inclusion on sex offender registry violate prohibition against *ex post facto* laws and could be applied only to offenders whose crimes were committed after laws' enactment), *cert. granted* (Feb. 19, 2002).

■ There are four requirements to justify a preliminary injunction: (1) irreparable harm, (2) likelihood of success on the merits, (3) balance of harms, and (4) public interest. *See Indiana Family and Social Services Admin. v. Walgreen Co.,* 769 N.E.2d 158, 162 (Ind.2002). A majority of the Court concludes that the requirements have been shown.

Publication of the photographs and home addresses is set to occur within days. This appeal commenced only a few days ago, and this Court has not had sufficient time to consider the merits. The state constitutional issues have never been addressed by this Court. However, two federal courts of appeal have found likely merit in what appear to be similar claims under the federal constitution. The U.S. Supreme Court will presumably rule on the federal issues within a few months. Under these circumstances, plaintiffs have established that there is a reasonable likelihood of success on the merits.

It appears from the information available to the Court that the balance of harm strongly favors the plaintiffs. If these materials are published on the internet, it may be impossible to contain their distribution. On the other hand, names and other information are currently available and there will hopefully be little consequence to added delay of a few months in implementing a statute that contemplated an eight-month delay from its enactment.

There appears to be no financial harm to the defendants from the grant of the requested delay.

Accordingly, a majority of the Court finds that a stay should be entered, without bond, to maintain the status quo as it existed before the effective date of the relevant statutes, and it is therefore ORDERED:

Defendants are hereby enjoined, until further order of the Court, from distributing or disseminating, via the internet or through a computer hyperlink, the addresses and photographs of persons who were listed on the Indiana sex and violent offender registry or who will be, on or after January 1, 2003, listed on the Indiana Criminal Justice Institute's sex and violent offender directory or the Indiana Sheriffs' sex offender registry. This stay is binding on all persons currently parties in this cause and is binding on all other persons in active concert with or participation with defendants who receive actual notice of this stay by personal service or otherwise. This includes all Sheriffs in Indiana and any private entity responsible for creating the Sheriffs' sex offender registry.

The Court orders counsel for defendants, Thomas M. Fisher, to make the necessary arrangements for sending a copy of this order, in a manner likely to reach the recipients before Monday, January 6, 2003, to all Indiana Sheriffs, to the Indianapolis Police Department, and to the Indiana Sheriffs' Association.

The Clerk is directed to assign this appeal a Supreme Court case number and to transfer the chronological case summary from the current case to the new case number.

The Clerk is further directed to send a copy of this order to the Hon. Patrick McCarty, Judge, Marion Superior Court; to the Clerk of the Marion Superior Court; to the Supreme Court Administrator; to the Hon. Sanford M. Brook, Chief Judge of the Court of Appeals; to Steve Lancaster, Court of Appeals Administrator; to Janet Roberts Blue, Commissioner of the Court of Appeals; to Kent Zepick, staff counsel to the Court of Appeals; and to counsel of record.

All Justices concur as to granting the "Joint Motion of Appellees/Defendants Catherine O'Connor and James A. Herman to Transfer Appeal to the Indiana Supreme Court."

DICKSON, BOEHM, and RUCKER, JJ., vote to grant the stay pending appeal as a preliminary injunction.

SHEPARD, C.J., and SULLIVAN, J., vote to deny the stay.