## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 07 2015, 8:11 am

**CLERK**
of the supreme court,
court of appeals and
tax court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Dena Alfayyad | James M. Boyers |
| Carmel, Indiana | Leah B. Silverthorn |
| | Wooden & McLaughlin LLP |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dena Alfayyad, | August 7, 2015 |
| *Appellant,* | Court of Appeals Case No. 29A02-1503-MF-175 |
| v. | Appeal from the Hamilton Superior Court |
| U.S. Bank National Association as Trustee for RESC2007K3, | The Honorable Daniel J. Pfleging, Judge |
| *Appellee* | Cause No. 29D02-0904-MF-535 |

**Bailey, Judge.**

# Case Summary

Dena D. Alfayyad ("Alfayyad"), proceeding *pro se*, appeals the trial court's order under Indiana Trial Rule 41(E), which dismissed her counterclaims against U.S. Bank, NA ("U.S. Bank") for failure to prosecute the counterclaims.

We reverse.

# Issue

Alfayyad raises two issues for our review. We resolve this appeal on a different basis, however: namely, whether the trial court had subject matter jurisdiction to enter an order during the pendency of an appeal.

# Facts and Procedural History

We take a portion of our statement of facts from our unpublished memorandum decision in Alfayyad's prior appeal.

> In 2006, Alfayyad executed a promissory note in favor of Homecomings Financial, LLC, ("Homecomings") for $259,000 to purchase property in Carmel. The note was secured by a mortgage. Alfayyad stopped making payments on the note in 2009.
>
> On April 17, 2009, U.S. Bank filed a foreclosure action against Alfayyad. U.S. Bank alleged that it "is 'a person entitled to enforce' the promissory note pursuant to IC § 26–1–3.1–301 and is entitled to enforce the mortgage as is evidenced by the chain of assignments...." App. p. 11. U.S. Bank attached to the complaint a copy of the note and an assignment of the mortgage from Homecomings to U.S. Bank dated April 7, 2009.

On March 5, 2012, U.S. Bank filed a motion for summary judgment and decree of foreclosure. U.S. Bank also moved for default judgment, which the trial court granted and then set aside. On May 24, 2012, Alfayyad filed an answer to U.S. Bank's complaint and raised affirmative defenses and counterclaims. On September 4, 2012, Alfayyad filed a response to the motion for summary judgment. U.S. Bank then replied. After a hearing on the motion, Alfayyad was given permission to respond to U.S. Bank's reply, and both parties were permitted to file post-hearing briefs. On May 31, 2013, the trial court granted U.S. Bank's motion for summary judgment and issued a decree of foreclosure. Alfayyad filed a motion to correct error, which the trial court denied. Alfayyad now appeals.

[5] *Alfayyad v. U.S. Bank Nat. Ass'n as Tr. for RASC 2007KS3*, No. 29A02-1307-MF-652, Slip. op. at 2-3 (Ind. Ct. App. Jun. 13, 2014), *trans. denied*.

[6] On June 13, 2014, this Court affirmed the summary judgment order. *Id.* On February 26, 2015, the Indiana Supreme Court denied Alfayyad's petition seeking transfer of jurisdiction. *Alfayyad v. U.S. Bank Nat. Ass'n as Tr. for RASC 2007KS3*, 26 N.E.3d 612 (Ind. 2015) (table case).

[7] On November 13, 2014, during the pendency of Alfayyad's transfer petition, and thus before the certification of the opinion of this Court, *see* Ind. Appellate Rule 65(E), U.S. Bank filed a motion under Trial Rule 41(E) in which it argued that Alfayyad's counterclaims were subject to dismissal because Alfayyad had not prosecuted her claims. U.S. Bank requested a hearing to show cause why Alfayyad's counterclaims should not be dismissed. Alfayyad responded to U.S. Bank's motion with responsive briefing and exhibits concerning her counterclaims.

[8] A hearing on U.S. Bank's motion was conducted on January 25, 2015. After argument by the parties, the trial court solicited proposed orders from both U.S. Bank and Alfayyad.

[9] On February 6, 2015, the trial court entered its order of dismissal, finding that Alfayyad had failed to timely prosecute her counterclaims. Alfayyad filed a motion to correct error on February 20, 2015. The trial court denied this motion on March 28, 2015.

[10] This appeal ensued.

# Discussion and Decision

[11] Alfayyad appeals from the trial court's denial of her motion to correct error, which challenged the trial court's order for dismissal under Trial Rule 41(E). U.S. Bank draws our attention to the amount of time pending in this matter—observing, "Alfayyad has not prosecuted her Counterclaims in two and a half years"—and directs our attention to cases in which dismissals under Trial Rule 41(E) have been upheld when the duration of time was less than two years. Appellee's Br. at 7 (citing, inter alia, *Lee v. Pugh*, 811 N.E.2d 881, 885 (Ind. Ct. App. 2004) (affirming dismissal under Trial Rule 41(E) after a "three-month period of inactivity"). We review dismissals under Trial Rule 41(E) and orders upon motions to correct error for abuse of the trial court's discretion. *Deutsche Bank Nat. Trust Co. v. Harris*, 985 N.E.2d 804, 813 (Ind. Ct. App. 2013). An abuse of discretion occurs when the trial court's decision is counter to the logic

and effect of the facts and circumstances before it, or when the decision errs on a question of law. *Perkinson v. Perkinson*, 989 N.E.2d 758, 761 (Ind. 2013).

[12] U.S. Bank's argument addresses Trial Rule 41(E); Alfayyad draws our attention to the substantive questions in her counterclaims. We find a different question dispositive, namely, the trial court's lack of subject matter jurisdiction to enter its order of dismissal.

[13] Subject matter jurisdiction cannot be waived, and courts at all levels are required to consider the issue *sua sponte*. *Jernigan v. State*, 894 N.E.2d 1044, 1046 (Ind. Ct. App. 2008). Appellate Rule 8 provides, "the Court of Appeals acquires jurisdiction on the date the Notice of Completion of Clerk's Record is noted in the Chronological Case Summary." "[I]t is well-established that the trial court is deprived of further jurisdiction when appellate jurisdiction is acquired." *Southwood v. Carlson*, 704 N.E.2d 163, 165 (Ind. Ct. App. 1999) (citing, inter alia, *Shcumacher v. Radiohama, Inc.*, 619 N.E.2d 271, 273 (Ind. 1993)). "This rule facilitates the orderly presentation and disposition of appeals and prevents the confusing and awkward situation of having the trial and appellate courts simultaneously reviewing the correctness of the judgment." *Id.* (quotations omitted). A decision of this Court is certified "only after the time for all Petitions for Rehearing, Transfer, or Review has expired, unless all the parties request earlier certification." App. R.65(E). A party "shall not take any action in reliance upon the opinion or memorandum decision until the opinion or memorandum decision is certified." *Id.* "A judgment made when the court lacks subject matter jurisdiction is void." *Jernigan*, 894 N.E.2d at 1046.

[14] Here, U.S. Bank filed suit against Alfayyad; Alfayyad filed counterclaims. U.S. Bank successfully pursued a motion for summary judgment at the trial court level. Alfayyad appealed the judgment, which was affirmed on appeal. Alfayyad sought transfer to the Indiana Supreme Court. While transfer was pending as to U.S. Bank's summary judgment on the mortgage—and thus, while this Court's opinion on that matter was not yet certified and jurisdiction over the case remained with our appellate courts—U.S. Bank sought to have Alfayyad's counterclaims dismissed for Alfayyad's failure to prosecute those claims. The trial court granted U.S. Bank's motion on February 6, 2015, while transfer was still pending. The court denied Alfayyad's motion to correct error on March 18, 2015, after the Indiana Supreme Court had denied Alfayyad's petition to transfer on February 26, 2015.

[15] Thus, on U.S. Bank's motion, the trial court entered an order concluding that Alfayyad had failed to properly prosecute her counterclaims while jurisdiction over the case remained with Indiana's appellate courts. While a portion of the merits of Alfayyad's appeal remained pending, i.e., when the trial court lacked jurisdiction over the case, the trial court entered an order purporting to dispose of Alfayyad's counterclaims, imposing the "extreme remedy" of dismissal. *Deutsche Bank*, 985 N.E.2d at 814. The court's order of dismissal under Trial Rule 41(E) was void; it was not within the discretion of the trial court.

[16] We accordingly reverse the trial court's entry of dismissal under Trial Rule 41(E).

Reversed.

Baker, J., and Mathias, J., concur.