


FILED

Dec 04 2024, 10:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Indiana Supreme Court

Supreme Court Case No. 24S-PL-183

## AMW Investments, Inc., and Midwest Entertainment Ventures, Inc. d/b/a Theatre X,
*Appellants,*

–v–

## The Town of Clarksville, Rick Barr, and Planning Commission for the Town of Clarksville,
*Appellees.*

Argued: June 27, 2024 | Decided: December 4, 2024

Appeal from the Clark Circuit Court
No. 10C04-1905-PL-51
The Honorable Marsha Owens Howser, Special Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 23A-PL-508

**Opinion by Justice Slaughter**

Chief Justice Rush and Justices Massa, Goff, and Molter concur.

**Slaughter, Justice.**

This case arises from a discovery dispute between AMW Investments and Midwest Entertainment, on one hand, and the Town of Clarksville, on the other. The Town revoked Midwest Entertainment's adult-entertainment license, prompting this litigation. In the ensuing lawsuit, Midwest Entertainment and AMW failed to respond in substance to the Town's written discovery requests. Even after the trial court ordered Midwest Entertainment and AMW to respond, they still refused. The court imposed a $30,000 sanction to coerce their compliance. Midwest Entertainment and AMW appealed, the court of appeals reversed, and we granted transfer.

There are two issues before us. The first is whether Midwest Entertainment and AMW, while appealing the trial court's monetary sanction, may also challenge the underlying discovery order they violated. Holding that they may, we must also decide whether Midwest Entertainment and AMW waived their discovery objections. We hold they did waive the objections because they lodged them after the response deadlines imposed by our trial rules. Thus, we affirm the trial court's sanction and discovery order and remand.

I

A

This case began as an ordinance-enforcement action against an adult-entertainment venue called Theatre X, which is owned by AMW Investments, Inc., and operated by Midwest Entertainment Ventures, Inc. We refer to them together as AMW.

1

In late 2018, the Town of Clarksville suspended AMW's adult-entertainment license and imposed civil fines for violating various local ordinances against lewd conduct on the premises. After further violations, the Town revoked AMW's license in early 2019. AMW sought judicial review of the revocation in the Clark Circuit Court. The Town responded with counterclaims related to the ordinance violations and sought a preliminary injunction barring AMW from operating Theatre X. The trial court

issued the injunction, and the Town moved to impose fines on AMW for each day it violated the Town's ordinances. AMW appealed entry of the injunction as an appeal of right under Appellate Rule 14(A), leading the trial court to defer ruling on the pending fines motion. Neither the trial nor appellate court stayed proceedings below while the appeal was pending.

After AMW filed its injunction appeal, it sent interrogatories and requests for production to the Town. The Town responded in substance to AMW's requests and then sent its own written discovery—requests for production, requests for admission, and interrogatories—to AMW. After a thirty-day extension from the trial court to finish "preparing responses to the discovery requests", AMW responded to the Town's requests by objecting only to jurisdiction.

> AMW objects on the basis that discovery is premature and inappropriate during the pendency of appeal. AMW has consistently challenged the propriety of "counterclaims" in the context of an administrative or municipal appeal. That issue is currently on appeal in the context of AMW's appeal of the Order Granting Preliminary Injunction on November 21, 2019. The Court explicitly noted in its February 25, 2020 Order Regarding Motion for Imposition of Fines that it presently lacks authority during the pendency of the Appeal. This discovery request was issued after the divesture of jurisdiction and during the period jurisdiction was divested by way of appeal. All further and additional objections are reserved.

The Town responded by letter that AMW's recurring objection was "baseless". The Town argued the trial court did not stay discovery by waiting to rule on the fines motion, and the court of appeals did not impose a stay. AMW did not respond, leading the Town to move to compel discovery. The Town argued that AMW's objection lacked merit, and that AMW had "waived any objection other than the jurisdictional one." AMW did respond to the motion to compel and doubled down on its jurisdictional objection, claiming the pending appeal "divested" the trial court of jurisdiction and "foreclosed" the Town's proposed discovery. Without

acting on the motion to compel, the trial court made a docket entry stating it would "not rule on matters until the appeal has been decided."

2

The court of appeals eventually affirmed entry of the injunction, and this Court denied transfer. *Midwest Ent. Ventures, Inc. v. Town of Clarksville*, 158 N.E.3d 787 (Ind. Ct. App. 2020), trans. denied, 166 N.E.3d 913 (Ind. 2021). The Town renewed its motion to compel in the trial court. It argued again that AMW "waived all other objections" to the discovery requests by raising only a jurisdictional objection in its response to the Town's discovery requests.

Without responding to the Town's renewed motion, AMW served another discovery response—thirteen months after the Town served its initial requests. It produced six documents with unexplained redactions and a slew of new, boilerplate objections. The Town responded to AMW's limited production and its new objections with another court filing, arguing (among other things) the new objections were unreasonable and waived.

After the trial court held a hearing on the motion to compel, it sided with the Town, calling AMW's repeat jurisdictional objection "inexcusable":

> No judge of the Court of Appeals ordered a stay of proceedings. Neither did this Court. The Court did note in its Order Regarding Motion for Imposition of Fines that it lacked authority to grant the Town's request for $770,000 in fines during the appeal, but it never stated it lacked jurisdiction over the case or that any proceedings (including discovery) were stayed. In fact, this Court ruled on several matters in that same February 25, 2020 Order as the Court found "these issues may arise again." Nothing in the record validates [AMW's] theory that the Court lacked jurisdiction. The failure of [AMW] in fully answering the Town's discovery requests is inexcusable.

The trial court ordered AMW to respond to the Town's discovery requests and to "withhold nothing on the basis of any objection that [it] failed to raise in [its] initial responses."

Yet AMW persisted. AMW again asserted boilerplate objections—based on relevance, vagueness, overbreadth, undue burden, harassment, accountant-client privilege, attorney-client privilege, and attorney work product—and withheld responsive documents in its next production. The Town moved to hold AMW in contempt for skirting the discovery order. The trial court agreed. It found AMW in contempt and imposed a $30,000 sanction "to coerce AMW's compliance with the Discovery Order," which AMW could avoid "by complying with the Discovery Order" and "fully answering the Town's discovery requests, providing the entirety of every responsive document, and withholding (including by redaction) nothing therefrom—within 30 days of this Order." The court also awarded the Town attorney fees and expenses.

B

AMW appealed, and a divided panel reversed. *AMW Invs., Inc. v. Town of Clarksville*, 227 N.E.3d 898, 899, 905 (Ind. Ct. App. 2024). In a precedential opinion, the panel found it had "jurisdiction to review both the underlying order compelling discovery and the contempt order." *Id.* at 902 n.3. And it relied on Trial Rule 26(E) to hold that once AMW "received the new information that the [injunction] appeal had ended, it became clear that the objections based on jurisdiction, even if they had been correct when made (which they were not), were moot." *Id.* at 904. Thus, the panel held, AMW properly "supplemented its discovery responses" with "new objections" after the injunction appeal ended, meaning the "new objections" were not waived. *Ibid.*

Judge Felix concurred only in the judgment. He would have found the non-jurisdictional discovery objections untimely because AMW did not lodge them until after the trial rules required a discovery response. *Id.* at 905. But Judge Felix said that "a late-raised objection does not necessarily result in a waiver of that objection." *Ibid*. He would have applied his own test to decide whether tardy objections are waived and likewise would have reversed the trial court. *Id.* at 907.

The Town then sought transfer, which we granted, 235 N.E.3d 135 (Ind. 2024), thus vacating the appellate opinion, Ind. Appellate Rule 58(A).

## II

We begin with appellate jurisdiction and hold that a party appealing a contempt sanction may challenge both the sanction and the underlying discovery order on which the sanction is based. An unfavorable discovery order by itself is seldom grounds for an interlocutory appeal of right. But a monetary sanction is. A party sanctioned to pay money for violating a discovery order can appeal the sanction as of right, along with the discovery order.

On the merits, a party waives discovery objections that are untimely, but a trial court may excuse the waiver. This approach accords with our trial rules and gives their terms full effect. On this record, AMW waived all but its jurisdictional objection to discovery, and neither the trial court's discovery order nor its contempt sanction was an abuse of discretion.

### A

AMW appeals both the trial court's contempt sanction and its underlying discovery order. The contempt sanction is appealable as a matter of right as an order for the "payment of money", App. R. 14(A)(1), but the discovery order is not. We hold as a matter of first impression that appealing a monetary sanction necessarily brings up for review the propriety of the underlying discovery order. Thus, AMW may challenge the contempt sanction and discovery order, too.

A discovery order directed to a party generally is not an appealable final judgment because it does not dispose of all claims as to all parties. See App. R. 2(H)(1). Thus, such orders are typically interlocutory. Rule 14 gives appellate courts jurisdiction over certain interlocutory orders. *Nat'l Collegiate Athletic Ass'n v. Finnerty*, 191 N.E.3d 211, 217 (Ind. 2022). But Rule 14 does not state whether a party appealing a discovery sanction as a matter of right may also challenge the discovery order underlying the sanction.

The court of appeals holds that appealing a monetary discovery sanction also puts the underlying discovery order before the appellate court. *Allstate Ins. v. Scroghan*, 851 N.E.2d 317, 322 (Ind. Ct. App. 2006) (adopting the *Allstate* rule); see also *White-Rodgers v. Kindle*, 925 N.E.2d 406, 411 (Ind.

Ct. App. 2010) (acknowledging the *Allstate* rule); *Johnson v. Dr. A.*, 973 N.E.2d 623, 628 (Ind. Ct. App. 2012) (same). We adopt the *Allstate* rule for two reasons. First, a discovery sanction is improper if the underlying discovery order is erroneous. "If the [discovery] order is invalidated, the contempt judgment falls with it." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 726 F.2d 1150, 1157 (7th Cir. 1984), rev'd on other grounds, 470 U.S. 373 (1985). Second, reviewing discovery orders during sanction appeals affords relief to parties from particularly egregious and burdensome orders. "[D]iscovery orders may impose heavy and irrecoverable costs on a party". *Id.* at 1158. And "complying with the court's discovery order, proceeding through a trial, and ultimately winning on appeal" is "a hollow victory indeed" once "the information sought to be protected" has "already . . . been disclosed." *Allstate Ins.*, 851 N.E.2d at 322. As the Seventh Circuit puts it, "once a party produces certain information, nothing can unring that bell." *Mac Naughton v. Harmelech*, 932 F.3d 558, 566 (7th Cir. 2019).

Given those stakes, parties facing irremediable harm may opt to incur a monetary sanction to appeal a discovery order. "[W]e certainly do not encourage parties to intentionally violate a discovery order so as to be sanctioned and thus obtain an interlocutory appeal", but parties in extreme cases may have no other choice. *Allstate Ins.*, 851 N.E.2d at 322. "If a party is willing to pay the price of being punished for contempt (or suffering an equivalent sanction such as dismissal of the complaint)", the reasoning goes, a party "can get immediate review of that order by appealing from the contempt judgment." *Marrese*, 726 F.2d at 1157. Thus, AMW may challenge both the sanction and underlying discovery order on appeal.

B

We turn next to the merits of the trial court's discovery order and sanction. The central dispute here is whether AMW waived the discovery objections it lodged after the appellate courts rejected its injunction appeal. AMW argues that its objections were timely because, in its view, the trial court lacked jurisdiction while the appeal was pending, and the appeal stayed trial-court proceedings. Even if untimely, AMW argues it did not

waive these objections because the trial rules do not specify that late-raised objections are waived.

The trial court did not lose jurisdiction over AMW's action during the injunction appeal. Nor did the trial or appellate courts stay proceedings pending completion of that appeal. AMW's discovery objections were due, according to the trial court's extension order, sixty days after they were served. AMW's objections, lodged nearly a year later, were thus late. Late objections under the trial rules are presumptively waived, though the trial court may excuse waiver. On this record, the trial court did not abuse its discretion in finding the objections late and hence waived, in declining to excuse AMW's waiver, or in sanctioning AMW.

1

AMW's interlocutory appeal of the preliminary injunction did not divest the trial court of jurisdiction, and no court stayed proceedings pending that appeal. While the appeal was pending, discovery between the Town and AMW should have proceeded in the normal course.

Appealing an interlocutory order through Rule 14 divests the trial court of jurisdiction over the subject of the interlocutory order, but not over the entire action. See App. R. 5(B); see also *Doe v. O'Connor*, 781 N.E.2d 672, 673 (Ind. 2003) (noting that jurisdiction over appealed interlocutory orders "lie[s] in the Court of Appeals"). Once an appeal is filed and the clerk's record is complete, the trial court has no "jurisdiction to act upon the judgment appealed from until the appeal has been terminated." *Conroad Assocs., L.P. v. Castleton Corner Owners Ass'n*, 205 N.E.3d 1001, 1005 (Ind. 2023) (quoting *Schumacher v. Radiomaha, Inc.*, 619 N.E.2d 271, 273 (Ind. 1993)); App. R. 8 ("The Court on Appeal acquires jurisdiction on the date the Notice of Completion of Clerk's Record is noted in the Chronological Case Summary."). In other words, jurisdiction in the trial court remains over matters unrelated to the subject of the appeal.

AMW's injunction appeal did not affect the trial court's jurisdiction to oversee other matters unrelated to the injunction. The trial court recognized as much when it granted the Town's motion to compel: "The Court did note . . . that it lacked authority to grant the Town's request for

$770,000 in fines during the [injunction] appeal, but it never stated it lacked jurisdiction over the case". The court concluded: "Nothing in the record validates [AMW's] theory that the Court lacked jurisdiction."

Absent a stay, then, all proceedings unrelated to AMW's injunction appeal continued in the trial court. "An interlocutory appeal shall not stay proceedings in the trial court unless the trial court or a judge of the Court of Appeals so orders." App. R. 14(H). "A plain reading of this rule provides that an interlocutory appeal only constitutes a stay if the trial court or the Court of Appeals so orders." *Battering v. State*, 150 N.E.3d 597, 602 (Ind. 2020). No court stayed proceedings pending AMW's injunction appeal.

With trial-court jurisdiction secure and no stay from any court, discovery should have proceeded even after AMW appealed the injunction. AMW's refusal to engage in discovery pending its injunction appeal is indefensible since it served its own discovery requests on the Town after it appealed the injunction. AMW's argument that its injunction appeal necessarily divested the trial court of jurisdiction or otherwise stayed trial-court proceedings is meritless.

2

Under the trial rules, all of AMW's discovery objections were due when its responses to the Town's discovery requests were due. But AMW lodged all its post-appeal objections nearly a year late. And contrary to AMW's argument, the trial rules' duty to supplement does not render its post-appeal objections timely.

Parties must answer interrogatories, requests for production, and requests for admission "not less than" thirty days after service. Ind. Trial Rule 33(C) (interrogatories); T.R. 34(B) (requests for production); T.R. 36(A) (requests for admission). The parties may, with the trial court's permission, set different deadlines "within such shorter or longer time as the court may allow". T.R. 33(C) (interrogatories); T.R. 34(B) (requests for production); T.R. 36(A) (requests for admission). But absent such an arrangement, the rules' default deadline for a response is thirty days after service.

These default deadlines apply equally to objections, which are lodged in place of (or in addition to) substantive answers.

- An interrogatory "shall be answered separately and fully in writing under oath", and objections "shall be stated in lieu of an answer." T.R. 33(B);
- A party must respond to a request for production in writing "unless it is objected to . . . in which event the reasons for objection shall be stated." T.R. 34(B);
- And a party must answer a request for admission unless an "objection is made", in which case "the reasons therefor shall be stated." T.R. 36(A).

Any objections lodged after these deadlines (or after other deadlines agreed to by the parties and authorized by the court) are untimely.

AMW's discovery objections were untimely. The Town served its discovery requests to AMW in May 2020. AMW had thirty days to respond. AMW then got a thirty-day extension from the trial court, meaning all its discovery responses, including objections, were due in July 2020. The only objection AMW lodged by July was its jurisdictional one. It was not until June 2021 that AMW filed its many post-appeal objections. That was three months after its injunction appeal ended and nearly a year after its responses to the Town were due.

To get around untimeliness, AMW argues its post-appeal objections are supplements under Trial Rule 26(E). This rule imposes a duty to supplement discovery responses when, relevant here, a party "obtains information" showing its first response was either "incorrect when made" or was "correct when made [but] is no longer true" and failure to supplement would be a "knowing concealment." T.R. 26(E)(2).

AMW overreads Rule 26(E). The rule applies narrowly to a party whose discovery response was "complete when made": "A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response" except as the rule outlines. T.R. 26(E). And Rule 26(E) by its terms deals with substantive, discoverable information (like the location and identity of key

witnesses), not with objections to discovery. Treating faulty objections as new information requiring supplementation under the rule would leave parties and the trial court playing whack-a-mole with ever-evolving discovery objections. To be sure, when Rule 26(E) triggers a duty to supplement, a party may lodge objections relating to the newly sought materials. But the rule does not permit litigants to lob in new objections after the trial court rejects the old ones.

3

Next, we must decide whether AMW waived its discovery objections because they were untimely. Answering this question requires interpreting our trial rules, which we interpret like statutes, *Noble Cnty. v. Rogers*, 745 N.E.2d 194, 197 n.3 (Ind. 2001), by giving them "their plain meaning", *ESPN, Inc. v. Univ. of Notre Dame Police Dep't*, 62 N.E.3d 1192, 1195 (Ind. 2016). Under the trial rules, we hold that late objections are presumptively waived. This result both follows from the operation of the rules' deadlines by giving meaning to every word in the rules and accords with how we read other trial rules.

By default, the trial rules require parties to answer or object to interrogatories, requests for production, and requests for admission thirty days after service. *Supra*, at 10 (discussing the trial rules' default deadlines). We interpret the trial rules to give every word "effect and meaning" so that "no part is rendered meaningless". *Bagnall v. Town of Beverly Shores*, 726 N.E.2d 782, 786 (Ind. 2000) (cleaned up). To give the rules' deadlines their full effect, we conclude that missing the deadline waives the objection. Holding otherwise would read the deadlines out of the rules because no consequences would follow from late objections.

The court of appeals has likewise held, based on the rules' deadlines, that late-raised discovery objections are presumptively waived. In finding belated objections waived, one panel noted:

> T.R. 34(B) clearly provides that a party objecting to the request for production of documents shall state his reasons for objection. Prior to her motion to correct errors, [plaintiff] never contended the information was privileged or otherwise

> undiscoverable as it related to the issue of damages. [Plaintiff]
> cannot now rely on these untimely reasons for objection.

*Marshall v. Woodruff*, 631 N.E.2d 3, 6 (Ind. Ct. App. 1994).

This conclusion is hardly novel. Untimely objections—whatever the context—are presumed to be waived. For example, in *Bogner v. Bogner*, 29 N.E.3d 733, 740 (Ind. 2015), we noted "the general principle that objections not contemporaneously raised are waived". Insisting on timely objections at trial promotes finality and keeps a party from "sitting idly by . . . only to cry foul" later and attack an adverse judgment. *In re Peeples*, 37 N.E.3d 502, 511 (Ind. Ct. App. 2015), trans. denied.

Our reading of the discovery rules also accords with how we interpret other rules. For instance, we recognize that a party that misses a summary-judgment deadline loses the right to respond even though the summary-judgment rule does not expressly impose waiver. *Mitchell v. 10th & The Bypass, LLC*, 3 N.E.3d 967, 972 (Ind. 2014). Trial Rule 56 says only that the party opposing summary judgment "shall have thirty (30) days after service of the motion to serve a response and any opposing affidavits." T.R. 56(C). Yet we interpret Rule 56(C) to mean that "the trial court cannot consider summary judgment filings" after the thirty-day deadline. *Borsuk v. Town of St. John*, 820 N.E.2d 118, 123–24 n.5 (Ind. 2005).

Though untimely objections are waived under the trial rules, parties may adopt their own discovery plan to address waiver. Litigants may negotiate and request a case-management order to govern discovery—deadlines, waiver, scope, and so forth—based on their needs. E.g., *Cinergy Corp. v. St. Paul Surplus Lines Ins.*, 785 N.E.2d 586, 593 (Ind. Ct. App. 2003), trans. denied. And litigants may request a protective order to limit discovery and safeguard sensitive information. T.R. 26(C). But AMW did not use these tools. Since its post-appeal discovery objections were untimely, we treat them as waived under our trial rules.

## 4

Though late-raised objections are waived, trial courts may exercise their discretion and excuse any waiver. On this record, the trial court did not abuse its discretion in refusing to excuse AMW's waiver or in

sanctioning AMW for flouting the court's discovery order. "Trial courts stand much closer than an appellate court to the currents of litigation pending before them, so they are better positioned to assess and manage discovery matters." *Care Grp. Heart Hosp., LLC v. Sawyer*, 93 N.E.3d 745, 757 (Ind. 2018) (cleaned up). We review discovery orders and discovery sanctions for an abuse of discretion. *State v. Int'l Bus. Machs. Corp.*, 964 N.E.2d 206, 209 (Ind. 2012) (discovery orders); *Care Grp. Heart*, 93 N.E.3d at 751 (discovery sanctions).

The trial court acted well within its discretion. To start, excusing waiver here would delay already drawn-out proceedings and be unfair to the Town, which has spent much time and resources litigating its case against AMW. AMW has repeatedly prolonged these proceedings. Once the Town responded and served its own discovery on AMW, AMW requested from the trial court an enlargement of time, representing that it was "in [the] process of preparing responses" to the Town's requests. Yet AMW did not respond; it lodged an "inexcusable" jurisdictional objection with no legal or factual support.

And AMW's tactics reveal an intent to evade discovery. After maintaining its baseless jurisdictional objection for nearly a year, AMW responded to the Town's discovery requests with a host of new objections and produced only six documents. It withheld many documents on privilege grounds, yet never produced a privilege log as Trial Rule 26(B)(5)(a) requires. "Concealment and gamesmanship were [once] accepted as part and parcel of the adversarial process". *Outback Steakhouse of Fl., Inc. v. Markley*, 856 N.E.2d 65, 77 (Ind. 2006) (cleaned up). But "we have unanimously declared that such tactics no longer have any place in our system of justice." *Whitaker v. Becker*, 960 N.E.2d 111, 115 (Ind. 2012). Discovery is not a "game of blindman's bluff" but "a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *Ibid.* (cleaned up). Busy trial judges need not tolerate ploys for avoiding discovery. The burdens of good-faith discovery disputes weigh heavily enough on parties and courts.

\*       \*       \*

For these reasons, we affirm the trial court's discovery order and sanction and remand for further proceedings consistent with our opinion.

Rush, C.J., and Massa, Goff, and Molter, JJ., concur.

ATTORNEYS FOR APPELLANT
Kenneth C. Pierce
Blanton & Pierce, LLC
Jeffersonville, Indiana

Matthew J. Hoffer
Shafer & Associates, P.C.
Lansing, Michigan

ATTORNEYS FOR APPELLEE
C. Gregory Fifer
Jeffersonville, Indiana

Scott D. Bergthold
Law Office of Scott D. Bergthold, PLLC
Chattanooga, Tennessee